## C. M. TAYLOR v. R. M. BONNETT.

1. It is error to take judgment against the wife after dismissing as to the husband.
2. It is error to join the wife with the husband in a suit on a promissory note executed by the husband and wife jointly, without showing it was given for the benefit of the wife's separate property.
3. An adjudication of bankruptcy against a defendant ousts the jurisdiction of the State courts over the bankrupt and his estate.

ERROR from Anderson. · Tried below before the Hon. John G. Scott.

The facts sufficiently appear in the opinion of the court.

*T. T. Gammage*, for plaintiff in error, cited the following authorities: Paschal's Digest, Arts. 4642, 4643, and note 1052 ; Parker v. Haygood, 16 Texas ; Magee v. White, 23 Texas, 180; Gamble v. Dabney, 20 Texas, 77; Boothe v. Cotton, 13 Texas, 364 ; Haynes v. Stroud, 25 Texas, 626 ; Christmas v. Smith, 10 Texas, 128 ; Brown v. Ector, 19 Texas, 346; McFaddin v. Crumpler, 20 Texas, 374 ; Shelby and Wife v. Perrin, 18 Texas, 517 ; Shipman v. Allen, 29 Texas, 20 ; Kavanaugh v. Brown, 1 Texas, 481 ; Trimble v. Miller, 24 Texas, 215 ; Covington v. Burleson, 28 Texas, 368; Rountree v. Thomas, 32 Texas, 288; Bennett v. Butterworth, 11 Texas, 675.

*T. J. Word*, for defendant in error, cited Todd v. Caldwell, 10 Texas. 236 ; Wright v. Hays, 10 Texas, 130 ; Cotton v. The State, 4 Texas, 260 ; and Sterling v. Dial, 10 Texas, 268.

WALKER, J.—In the month of September, 1866, R. M. Bonner brought the two suits, which are herein consolidated, for the use of McDaniel and Jackson. The suits are brought on two promissory notes, given by the defend-

ants, J. S. and C. M. Taylor, for the purchase of real property in the town of Palestine.  There was a prayer for judgment and foreclosure of the vendor's lien.

But on the fourteenth of December, 1869, the plaintiff amended and prayed for a rescission of the contract of sale.

Pending the suit, J. S. Taylor, the husband, became a bankrupt, and pleaded his discharge in bankruptcy.  The plaintiff dismissed the suit as to him, whereupon Mrs. Taylor plead her coverture and moved the court to dismiss the suit, her husband being no longer sued, and the action being one which sought to charge the community property of herself and husband.  The court overruled this motion, and an exception was taken.

We are of opinion there are two grounds upon which this action could not proceed against Mrs. Taylor after her husband was declared a bankrupt and dismissed from the record.  The first is that alleged in a motion for a new trial and saved in the first bill of exceptions.

The second is that, in stating which we are compelled to overrule our own decision in the case of Garner v. Smith.

At the time that case was decided, looking to the decisions of the Federal courts made under former bankrupt laws, and one or more cases decided under the bankrupt act of March 2, 1867, we held that a State court, having obtained jurisdiction over the person and property of the bankrupt more than four months prior to his being adjudged a bankrupt, was not ousted of its jurisdiction by the defendant going into bankruptcy.

This case was carried to the Supreme Court of the United States, as we are informed, but we regret that no decision will be rendered in that court, the parties having compromised.

But later cases have come before us, and upon due ex-

amination of the later decisions of the Federal courts, wherein a distinction is taken between the bankrupt act of 1867 and that of 1841, we are led to consider that the State court does loose its jurisdiction of the bankrupt and his estate whenever he goes into bankruptcy, and that all persons holding liens against his estate must prove them up under the bankrupt law and have them adjudicated in a bankrupt court, and that the State court can proceed no further to enforce them.

Having prepared a much more elaborate opinion in another case in which Garner v. Smith is overruled, we excuse ourselves from referring to authorities in this case.

Had it been proper for the District Court to proceed in this case against Mrs. Taylor, we think it was error to declare a cancellation of the contract without giving her the opportunity of paying the debt.

The judgment of the District Court will be reversed and the cause dismissed.

REVERSED AND DISMISSED.