WILLIAM ALLEN ET AL. v. ELIZA PETERS ET AL.

No. 6602.

1. **Tenant in Common — Trespass to Try Title.** — Though in trespass to try title brought by a tenant in common he alleges ownership only of an undivided interest, he may as against a defendant who shows no title recover the entire tract on proof of his undivided interest.

2. **Evidence—Heirship.**—The fact that a nuncupative will was made devising a land certificate to the plaintiffs, with no sufficient evidence showing its validity and probate, will not preclude plaintiffs in trespass to try title from showing title through descent to land located under the certificate.

3. **Trespass to Try Title.**—When the transcript shows that the plaintiff was not entitled to recover the entire tract of land sued for, and that the interest which defendants were entitled to recover through limitation is uncertain, a judgment for plaintiff will be reversed and remanded.

APPEAL from Hood.  Tried below before Hon. T. L. Nugent.

The opinion states the case.

*Thomas T. Ewell*, for appellants.—1. The court erred in admitting the proof, by the deposition of Mrs. Eliza Peters, to show title in plaintiffs as heirs at law of Richard Peters, deceased, when by said testimony of said witness it appeared that there was better evidence of title from said Richard Peters shown by the will of said decedent.  Rev. Stats., art. 4862; Pasch. Dig., arts. 5367, *et seq.;* Greenl. on Ev., sec. 82.

2. The court erred in rendering judgment for the plaintiffs generally for the entire tract of land described in their petition, when they were only suing for and claiming a four-fifths interest.  Rev. Stats., arts. 4786, 4806–4808; Throckmorton v. Davenport, 55 Texas, 236.

3. When the evidence discloses cotenants of plaintiffs not joined as parties, such plaintiffs are restricted in their recovery to their actual interest as against defendants pleading and proving adverse possession and claim under statutes of limitation.  Such defendants, though originally trespassers, cease to be such upon the completion of the statutory bar in their favor, and those of plaintiffs whose rights are barred can not recover anything; and as to their interest, as well as the interest of all cotenants who have not joined in the suit and pleaded specially their personal disabilities, judgment should be for defendant.  Rev. Stats., arts. 4786, 4806–4808; Stovall v. Carmichael, 52 Texas, 384; Brownson v. Scanlan, 59

Texas, 222; Rev. Stats., arts. 3193–3198; Craig v. Cartwright, 65 Texas, 413; Erhard v. Hearne, 47 Texas, 469; Word v. Drouthett, 44 Texas, 365; Pearson v. Boyd, 62 Texas, 541. As to five years plea. House v. Stone, 64 Texas, 684; Wofford v. McKinna, 23 Texas, 36; 66 Texas, 352.

*Montrose, Grubbs & Hefner*, for appellees. — 1. The Lemuel Peters certificate being community property, Richard Peters could not have disposed of the interest of his wife Eliza Peters by any sort of a will, however valid it may have been with reference to his community interest. The statement of Eliza Peters, contained in her depositions in regard to the verbal will of Richard Peters, was wholly insufficient to establish the existence of a valid nuncupative will, and if defendants desired to rely on such a will they should have made some effort to prove its existence and establish its validity. Portis v. Hill, 30 Texas, 529; Riddle v. Bickerstaff, 50 Texas, 155.

2. One tenant in common can recover the entire tract of land belonging to himself and cotenant as against a trespasser—that is, all persons not claiming under such cotenant. Ney v. Mumme, 66 Texas, 268; Sowers v. Peterson, 59 Texas, 216; Read v. Allen, 56 Texas, 176; Hutchins v. Bacon, 46 Texas, 414; House v. Stone, 64 Texas, 677.

3. The evidence in this case shows that the plaintiffs were entitled to recover the interest sued for, but a failure on their part to have shown title to the interest claimed would not affect their right to recover. Pilcher v. Kirk, 55 Texas, 208; Grassmeyer v. Beeson, 18 Texas, 766; Hutchins v. Bacon, 46 Texas, 414; Guilford v. Love, 49 Texas, 728.

STAYTON, CHIEF JUSTICE.—This action was brought by appellees on July 27, 1886, to recover a tract of land granted to John S. and Richard Peters, in which they assert ownership of a named undivided interest. They claim as heirs of both grantees, and Eliza Peters claims a community interest in the share of Richard Peters, who was her husband.

Appellants show no title unless by limitation; but it is urged that appellees were not entitled to recover the entire tract, even if their defense of limitation was not sustained at all.

It is well settled that one tenant in common may recover an entire tract of land as against one who shows no title, although he has alleged an undivided ownership or interest in the whole.

In the course of the trial Mrs. Peters testified to the relationship between appellees and the grantees of the land, which showed her community interest, and that the other appellees were heirs of both of the grantees, being children of herself and Richard Peters, who was a brother of the other grantee, who died without children. In the course of her examination she stated that her husband made a verbal will during his last illness, in which he directed what should be done with his property,

the certificate under which the land was granted being then unlocated. Her evidence was objected to on the ground that the will was evidence of the rights of the parties, and that this could not be shown by proof of heirship.

There was no evidence that a valid nuncupative will was made or probated, and in the absence of such evidence it was proper to admit evidence to show who were the heirs of the original grantees.

John S. Peters died in 1845 and Richard Peters in 1864. Each of them had six brothers and three sisters, of whom there seems to be only one brother alive.

It is impossible to ascertain from the record before us that there was any impediment to the running of the statutes of limitation against any of the heirs of John S. Peters, except some of the appellees who take from him through their father.

Richard Peters left three sons and three daughters. Two of the daughters married before adverse possession began and have continued covert, and the other daughter reached majority after adverse possession began, and was single until October 28, 1879.

One son became of age before adverse possession began, another at a period too recent to be affected by adverse possession, and the other died without issue before any adverse possession began; hence the operation of the statute as to his interest depends on the condition of his brothers and sisters and mother who inherited from him. Mrs. Peters did not marry after the death of her husband in 1864.

The widow and three of the children and the grandchildren are plaintiffs, and no adverse possession affects two of these children, though all the others may be thus affected to some extent.

The possession through which defendants claim commenced in 1873, and as to some parts of the land has been continuous. Appellants pleaded the statutes of limitation of two and five years, their claim under a recorded deed beginning on July 14, 1881.

The cause was tried without a jury and judgment rendered for the plaintiffs, but we have not the conclusions of fact and law found by the court.

The uncontroverted evidence shows that William Allen had been in adverse possession for more than ten years when this action was brought, and under limitation of ten years may be entitled to recover 160 acres of land as against those affected by limitation, if by conveyances made by him to other defendants he did not sever his actual possession from so much of the tract. Under the evidence he was at least entitled to recover to the extent of his actual possession against such of appellees as were subject to the statutes of limitation.

Whether he is entitled to recover anything more under limitation based

·on adverse possession for five years than under the longer possession, we are unable to determine.

The deed under which he claims was recorded more than five years before this action was brought, but we are unable to ascertain whether by sales of parts of the land to other defendants he has not cut off the possession of part which he otherwise would have had.

The evidence offered by the other defendants is not such as to enable us to ascertain whether their possession has been such and under such circumstances as to entitle them to recover under adverse possession of five years, and they have no rights under adverse possession through Allen for ten years other than such as they may have through or with him, and this as to all can not exceed 160 acres.

The evidence showing that appellees were not entitled to recover all the land sued for, and being unable to ascertain from the record before us what they are entitled to recover, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered April 22, 1890.