GULF, WEST TEXAS & PACIFIC RAILWAY COMPANY V.
JAMES CORNELL ET AL.

No. 7157.

1. **Survey Outside of the Surveyor's District.**—In 1876 the railway company had a block of surveys made by the surveyor of Bexar Land District. The block extended into Kinney County, then organized. The field notes with certificates were returned to the Land Office. In 1877 Cornell located upon the land in Kinney County. Survey was made and patent issued October, 1878. Patent was issued in 1887 upon the survey for the railway company. In contest between the two titles, *held*, that the junior survey made in Kinney County with patent conveyed the land, unaffected by the survey in Bexar Land District; and this although the line between Kinney County and the Bexar Land District had not been established. It did not appear that the survey for the railway company was made by mistake.

2. **Limitation.**—Location in 1877; patent in 1878; patent recorded October, 1878; adverse possession from 1877 under the location and patent until April 11, 1888, when suit was brought claiming under an older survey. *Held*, that title by limitation in the defendant operated as a defense.

3. **Practice in District Court—Charge.**—It has been repeatedly held that where there is no conflict in the evidence the court may assume a fact thus established as proved in cases in which but one conclusion could be reached from the evidence.

APPEAL from Kinney. Tried below before Hon. WINCHESTER KELSO.

No statement is necessary.

*C. C. Clamp*, for appellant.—1. Where there is no evidence except that which establishes facts and a conclusion therefrom in favor of one party, it is not error to instruct the jury to return a verdict for such party; but though there may be no controversy as to the existence of facts, yet when the conclusion to be drawn from them is the subject matter of dispute, it is error to direct a verdict for either party. Supreme Council v. Anderson, 61 Texas, 296; Rogers v. Broadnax, 24 Texas, 542; Rev. Stats., art. 1317.

2. The location of plaintiff filed in 1876, evidence of which was in the surveyor's office of Bexar Land District, was made to include land within a territory included within such district. Although this particular survey went or extended into an organized county, yet with no established line adjoining, Bexar Land District gives to such location the character of land titled or "equitably owned under color of title from the sovereignty of the State," segregated from the public domain; and defendant was prohibited from locating upon it, the land at the date of his application in May, 1877, not being "unappropriated public domain." Const., art. 14, sec. 2; Winsor v. O'Connor, 69 Texas, 571; Land and Cattle Co. v. The State, 68 Texas, 526.

3. If the prior equity of plaintiff in the land by virtue of its location in 1876 is valid in law, then the junior patent of plaintiff will be

held to have relation back to the inception of the right and take dignity accordingly, and thus overreach any patent which may have been previously granted for the same land.   Le Bois v. Brammel, 4 How. (N. S.), 462; Warren v. Shuman, 5 Texas, 442.

*Joseph Jones*, for appellees.—1.  The validity or invalidity of plaintiffs' and defendant's respective titles to the land in controversy being purely a question of law, under all the admitted facts of this case, there was no question of the weight of evidence to submit to the jury; and the question being one purely of law, arising upon a state of facts not disputed, the court did not err in directing the jury to find in favor of the party in whose favor the law was.

Appellant's survey was a nullity: Rev. Stats., arts. 3895, 3896, 3905; Linn v. Scott, 3 Texas, 67.

The court was authorized to charge the jury to return a verdict for appellees, the facts being undisputed:   Teal v. Terrell, 58 Texas, 261; Mitchell v. De Witt, 20 Texas, 294; Hedgepeth v. Robertson, 18 Texas, 871.

2.   A survey made by a surveyor of another county or district than that in which the land is situated is a nullity, and such a survey would confer no right of action on the party holding it, nor would the same segregate the land thus surveyed from the vacant and unappropriated public domain liable to location.   Rev. Stats., arts. 3895, 3896, 3904; Linn v. Scott, 3 Texas, 67; Atkinson v. Ward, 61 Texas, 387, 388; Miller v. Brownson, 50 Texas, 583.

STAYTON, CHIEF JUSTICE.—Appellant claims the land in controversy under a patent issued April 18, 1887, and appellees by a patent issued October 9, 1878; and standing upon the patents alone, the right of appellees would be superior, because the older; but appellant claims, that it had a valid survey anterior to the time any right vested in appellees.

The land is in Kinney County, which was organized as a land district long before the rights of either party accrued, and appellees located the land in the office of the surveyor of that county on May 9, 1877, had it surveyed in proper time, and the survey returned to the General Land Office, in accordance with the requirements of the law.

No steps were ever taken by appellant through the surveyor of Kinney County to acquire the land, but at sometime in 1876 it caused about one hundred surveys to be made by a deputy surveyor for Bexar County, in a block, most of these being in Crockett County, but the block of surveys extended into Kinney County, and the survey on which patent issued to appellant was inside of that county some seven or eight miles.

While the line between the counties of Crockett and Kinney had not been established on the ground, it is evident that the making of the survey in Kinney County did not result from any mistake or belief on the part of the surveyor who made it that the land was in Crockett County, which was at the time unorganized and a part of the Bexar Land District, for the field notes made by him showed that the land was in Kinney County.

Of the existence of appellant's survey appellees had no notice at the time they located the land and had it surveyed. Appellees held adverse and continuous possession from the year 1877, and paid all taxes due thereon to the time this action was brought, which was April 11, 1888, and the patent was recorded on October 29, 1878.

There was no conflict in the evidence, and the jury were instructed to return a verdict for defendant. It is urged that this was error. It has been repeatedly held, that when there is no conflict in the evidence a court may assume the fact thus established as proved, in cases in which but one conclusion could be reached from the evidence.

The evidence shows, that appellant had acquired no right, either legal or equitable, to the land at the time appellees made a valid location upon it. Linn v. Scott, 3 Texas, 67. It shows, that appellees had no notice even of the illegal steps taken by appellant to appropriate the land; and further, that had appellant acquired a right, this was destroyed by adverse possession relied upon by appellees.

No other result than that reached would have been legally possible, and the court did not err in the instruction given.

The judgment will be affirmed.

*Affirmed.*

Delivered May 6, 1892.