The appellee sued the appellant for damages for injuries sustained by him while alighting from appellant's train of cars in the town of Crockett, on the morning of the 6th of September, 1894. The plaintiff had boarded the train about the hour of 4 a.m. with his sister, Mrs. Fambrough, who took passage on the *Page 171 
train at that hour, and the plaintiff assisted her upon the cars, and before he could conduct her to a seat he was called to by another sister, who had accompanied him and Mrs. Fambrough to the depot, and who was awaiting his return from the car, that the train was leaving; and he then requested one of the train men, who was either the conductor or brakeman, to find a seat for Mrs. Fambrough, and was proceeding to the platform of the car, when he was admonished by this same servant of defendant that he had better get off the train; and in attempting to descend the steps while the train was moving slowly, he fell, and was injured in his left hand, arm, and shoulder. The acts of negligence charged by the plaintiff were, first, that the defendant did not stop the train for a time reasonably sufficient to enable passengers to get on and off; second, that the train was not stopped as long as was usual at that station; and third, that the defendant's agents knew that plaintiff boarded the car as Mrs. Fambrough's assistant, with the intention to get off before the departure of the train; and that sufficient time was not allowed plaintiff to do this.
Defendant answered by general denial, and charged plaintiff with contributory negligence; first, in not informing the defendant's agents that his intention in boarding the car was only for the purpose of assisting Mrs. Fambrough; second, in failing to notify the trainmen, after the train started, of his desire to get off, and requesting them to stop the train; third, in jumping from the train while it was in motion from the second step of the coach, and at right angles with the coach, and fourth, in failing to have himself properly treated for his injuries. Upon trial of the cause a verdict and a judgment were rendered for plaintiff for $1000, and motion for new trial being refused, defendant appealed to this court for the second time. The former appeal was decided by the Court of Civil Appeals for the Fourth Supreme District, and the judgment was reversed and the cause remanded for another trial. The decision is reported in 38 Southwestern Reporter.
Appellant assigns as error the refusal of the court to charge the jury, at request of defendant, as follows:
"Gentlemen of the jury, you are charged that if the plaintiff was guilty of negligence in getting off the train while it was in motion, or in his manner of getting off; or in failing to give notice of his intention to get off (if he did not give notice), then he can not recover, and you will find for the defendant."
This assignment is not well taken, for the reason that the court in its general charge properly and sufficiently submitted to the jury the matters of defense embraced in the requested instruction. Whether or not this instruction is itself a correct presentation of the law, need not be determined.
The next error assigned is the refusal of the court to instruct the jury that the defendant company would not be responsible for any statement made by the brakeman to plaintiff in reference to his getting off the train. Such an instruction would have been irrelevant to the issues joined between the parties. The plaintiff was not seeking to recover of *Page 172 
defendant on the ground that he was induced to leave the train while in motion by the words spoken to him by the brakeman. These words were offered in evidence as tending to show knowledge on part of the trainmen of plaintiff's purpose and intention to alight from the train as soon as he had rendered proper assistance to Mrs. Fambrough. We think there was no error in refusing this instruction. The fifth assignment is, that the court erred in refusing the following requested charge:
"If the train had started before the trainmen learned that plaintiff desired to get off (if they did learn that fact), then it was not negligence to start the train before he got off. And if he then got off the train, without requesting that the train be stopped, he assumed the risk of such an act and can not recover for any injury received thereby."
This charge assumes that the failure of the plaintiff to request the trainmen to stop the train to enable him to alight therefrom would deprive him of the right to recover, regardless of the question whether or not, under the circumstances, the act of attempting to alight from the cars while the train was in motion was one consistent with ordinary prudence. This is not correct, we think, and the charge was calculated to divert the minds of the jury from the real issues of the case. But if we assume that the charge was a correct and proper exposition of the law, yet its refusal, if error, was harmless error, inasmuch as the jury had been expressly instructed in the court's charge that the plaintiff could not recover if the trainmen were ignorant of the plaintiff's intention to leave the train when it was put in motion by them.
The objection to the testimony of Mrs. Fambrough, on the ground that it was only the conclusion or opinion of the witness, is not good. The opinion of a witness as to time, distance, and space is legitimate. Nor is the testimony objectionable on the ground that it was immaterial and irrelevant. It was relevant and material on the issue whether or not the plaintiff was allowed a reasonably sufficient time to board the train and to alight from it before it was put in motion. The ninth error assigned is the admission in evidence, over the objection of the defendant, of the testimony of the plaintiff to the effect that he thought it was safe for him to get off the train, as the yard was lighted and the platform on which he purposed to alight was smooth and even. We are of the opinion that it was not error to admit this testimony. The defendant charged the plaintiff with negligence in attempting to step from the train while it was moving, and it would seem but reasonable and proper to permit the plaintiff to explain the reasons for making the attempt. See Bridge Co. v. Cartrett, 75 Tex. 652. And besides, the opinions of witnesses, other than experts, are often admissible as evidence when, as was done by this witness, the facts upon which their opinions are based are testified to by the witnesses.
Under appellant's eleventh assignment of error, it objects to that section of the court's charge which instructs the jury, that if the evidence shows that facts and circumstances occurred at the time, and were known to the brakeman and conductor, of such nature and character as there *Page 173 
and then brought knowledge to these trainmen, or either of them, that plaintiff was getting on board the train to assist his sister and intended to get off, such evidence would be as effectual to show notice to the defendant's servants, as would evidence of verbal notification of such purpose of the plaintiff. The objection to this charge is that it is not authorized by the evidence. Such objection, we think, is not tenable. The evidence is, that it was customary for male relatives or friends of female passengers to escort the latter into the cars, for the purpose of rendering them appropriate assistance; that Mrs. Fambrough, an aged sister of plaintiff, was accompanied to the depot by plaintiff and another of his sisters, and when the train stopped the three were standing at the proper place on the platform for embarking upon the train, and that just opposite that place the conductor and brakeman alighted in a few feet of the three, and in full view of them, and they were observed by the conductor at this time; the plaintiff and Mrs. Fambrough, leaving the other sister upon the platform, without delay ascended the steps of the car, attended by the brakeman or conductor. This occurred at about 4 o'clock a.m. When a gentleman is seen on the platform of a railway station accompanied by two ladies at the hour of 4 o'clock in the morning, awaiting the arrival of a train, and as soon as it arrives he conducts one of the ladies into the coach, and leaves the other all alone on the platform, the reasonable conclusion from these facts, it seems to us, would be that as soon as he could discharge his duties to the lady taking passage upon the train he would return to the lady left unattended on the platform. We are of the opinion that this evidence was ample to warrant the court in giving the instruction complained of.
The other assignments assail the verdict as not warranted by the evidence, and as contrary to the law and the evidence. It is sufficient, in discussing these objections, to say that the trial court seems to have announced the law to the jury correctly; and in accordance with the decision of the Court of Appeals rendered upon the former appeal of this case, the jury were expressly instructed, that if the train was put in motion without knowledge of the conductor and brakeman of the intention of the plaintiff to leave the car as soon as he had rendered the customary and proper assistance to the lady he was escorting into the coach, the plaintiff could not recover, and that the verdict should be for the defendant; and that while the evidence is conflicting on several of the issues presented by the pleadings, there is evidence sufficient to sustain a finding that the servants of defendant had notice of the plaintiff's purpose in boarding the cars, and that he was not allowed a reasonable time to accomplish this purpose, before the train was put in motion; and that in attempting to get off the train while it was in motion plaintiff under the circumstances was not guilty of negligence, either in making the attempt or in the manner in which the attempt was made. The judgment is affirmed.
Affirmed.
Writ of error refused. *Page 174