## TEXAS CENTRAL RAILROAD COMPANY v. J. C. HUTCHINGSON.

Decided November 2, 1910.

**Carriers—Person Assisting Passenger—Time to Disembark—Knowledge—Custom.**

Notice to those operating a train that one has boarded it to assist a passenger thereon, and not to take passage himself, is generally necessary to show liability for injury to him by starting the train before he has time to leave it; but custom for friends to so assist passengers, known and acquiesced in, may take the place of such notice and furnish ground for holding the carrier liable for such injury, where the train is not stopped for the usual time and long enough to enable passengers desiring to do so to disembark.

Appeal from the District Court of Hamilton County. Tried below before Hon. J. H. Arnold.

*Eidson & Eidson* and *J. A. Kibler,* for appellant.—It was error to authorize a verdict for appellee without requiring the jury to find from the evidence that the servants and employes of appellant had notice of appellee's intention to alight from the train before it started up. Railway Co. v. Satterwhite, 15 Texas Civ. App., 102; Railway Co. v. Funder-

bunk, 30 Texas Civ. App., 22; Gist v. Railway Co., 102 S. W., 457; Railway Co. v. McGilvary, 29 S. W., 67; Railway Co. v. Satterwhite, 19 Texas Civ. App., 170; Dillingham v. Pierce, 31 S. W., 203; Railway Co. v. Sain, 119 S. W., 659 (Ark.); Oxsher v. Railway Co., 29 Texas Civ. App., 420; Railway Co. v. Lawton, 18 S. W., 543 (Ark.); Note of Annotator, 15 L. R. A., 434; Saxton v. Railway Co., 72 S. W., 717 (Mo.); Bishop v. Railway Co., 77 S. W., 1099 (Ky.); Berry v. Railway Co., 60 S. W., 699 (Ky.); Griswall v. Railway Co., 64 Wis., 652; Railway Co. v. Wilson, 100 S. W., 290 (Ky.); Yarnell v. Railway Co., 21 S. W., 1 (Mo.).

*Langford & Chesley,* for appellee.—As defendant knew of the existence of the custom, it was bound to know, without special information, that persons would likely be on its train for the purpose of assisting female relatives or friends, and it was bound to use ordinary care not to injure them. Huchingson v. Texas Cent. R. Co., 55 Texas Civ. App., 229; Railway Co. v. Miller, 8 Texas Civ. App., 241; Hamilton v. Railway Co., 64 Texas, 251; Railway Co. v. Miller, 15 Texas Civ. App., 428; Railway Co. v. Lawton, 18 S. W., 543 (Ark.); Railway Co. v. McGilvary, 29 S. W., 67; Doss v. Railway Co., 21 Am. Rep., 371; 3 Tompson on Neg., sec. 2658; 2 Hutchinson on Carriers, sec. 991; 4 Elliott on Railroads, sec. 1578.

KEY, CHIEF JUSTICE.—This is a personal injury suit, which resulted in a verdict and judgment in favor of the plaintiff for $4000, and the defendant has appealed. On the night of March 23, 1907, one of appellant's passenger trains passed the town of Hico; it stopped at that station and the appellee went aboard of it for the purpose of assisting his afflicted sister, who had a ticket and took passage on the train. The train started before appellee disembarked, and, in getting off, he was thrown upon the ground and injured. Appellee charged in his petition that the defendant was guilty of negligence in starting the train before the passengers and persons assisting passengers had had sufficient time to disembark. He also charged that appellant was guilty of negligence in placing a movable step or other obstruction on the steps of the car, which obstruction caused him to stumble and contributed to his fall.

In addition to a general denial, appellant charged in its answer that appellee was guilty of contributory negligence, and also charged that he boarded the train without giving notice of his intention to disembark at that station, and that appellant's employes in charge of the train had no knowledge that such was his intention. The plaintiff charged in his petition that it was the custom, well known to and long acquiesced in by appellant, its agents, servants and employes, for persons to assist women and children aboard of its passenger trains and to find seats for them thereon.

Evidence was submitted sufficient to show, and in support of the verdict we find, that appellant was guilty of negligence as alleged in

appellee's petition; that appellee was not guilty of contributory negligence, as alleged in appellant's answer, and that, as a result of appellant's negligence, appellee sustained serious injuries, and that the amount awarded him as damages is not excessive.

The testimony failed to show that appellant's employes in charge of the train had actual knowledge of the fact that appellee boarded it for the sole purpose of assisting his sister, and that he intended to get off before the train started. In fact, it was affirmatively shown that the employes referred to did not have such knowledge. That fact—the absence of knowledge on the part of appellant that the appellee had not boarded the train as a passenger, but intended to get off before the train left that station—seems to have been the main defense relied on, and the refusal of the trial court to recognize it as such is the principal question presented to this court for decision.

The trial court refused to instruct the jury that it was necessary for the employes in charge of the train to have had notice of appellee's intention to get off before the train started, in order to hold appellant liable, and held and, in effect, instructed the jury, that proof of a custom well known to and long acquiesced in by appellant, for persons to assist lady passengers aboard of passenger trains at that station, would render it unnecessary for appellee to show that appellant had actual knowledge of the fact that he intended to get off after finding a seat for his sister. That court instructed the jury that if they found from the testimony the existence of the custom alleged, and if the appellant was guilty of negligence in starting the train before sufficient time had elapsed for all the passengers to disembark, and if they found the other necessary facts, to return a verdict for the plaintiff. There was testimony sufficient to show that on the occasion in question the train did not stop as long as was usual and customary, and not sufficient length of time for all the passengers who desired to do so to disembark.

Counsel for appellant have cited cases which hold that when a person boards a train for the purpose of assisting a woman or some other passenger, and intends to get off before the train starts, that such person can not recover for injuries sustained on account of his not being able to get off before the train starts, unless it be shown that some employe engaged in operating the train had notice that he has not boarded the train as a passenger, but intends to get off before it leaves that station. In none of the cases cited was the question of custom as a substitute for knowledge involved; and we have found no case entirely analogous to the one in hand. After giving the question such consideration as the condition of our docket will permit, we have reached the conclusion that the rule announced in the cases cited is sound, as a general proposition, but that it is not an absolute rule, and should not control in this case. In other words, we hold that if it was customary for persons to board appellant's train for the sole purpose of assisting lady passengers, and then getting off before the train started, and appellant's employes in charge of the train knew of and acquiesced in that custom, then it was the duty

of appellant on the occasion under consideration, to stop at that station the usual and customary time, and long enough to permit the passengers desiring to do so to disembark; and appellee had the right to assume that the train would remain there that length of time. The trial court tried the case upon that theory, and we hold that no error was committed in that respect.

Some other questions are presented in appellant's brief, but they are not of such importance as to require discussion in this opinion. They have received due consideration, and, on all questions presented, we rule against appellant and affirm the judgment of the court below.

*Affirmed.*

Writ of error refused.