GIBSON et al. v. OBERFELDER.

(Court of Civil Appeals of Texas. Ft. Worth. May 4, 1912. Rehearing Denied June 1, 1912.)

1. APPEAL AND ERROR (§ 742*) — BRIEFS — FORM.

Court of Civil Appeals Rule 31 (102 Tex. xxx, 142 S. W. xiii) provides that assignments of error shall not only point out the part of the proceedings complained of, but that each point thereunder shall be stated as a distinct proposition, and to each proposition shall be subjoined such brief statement of the proceedings, or part thereof, as shall be necessary to explain and support the proposition. *Held*, where the formal propositions submitted under assignments of error were but abstract rules of law and were without appropriate statements of the evidence, and the assignments contained varied propositions supported by a statement embodying more than 100 pages of the statement of facts in the record, without incorporating any evidence, it was improper and would not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

2. ACKNOWLEDGMENT (§ 41*)—DEFECTIVE ACKNOWLEDGMENT.

Where it was undisputed that plaintiff claimed through a regular chain of mesne conveyance under the patentee of the survey, of which the land in controversy was a part, and that defendants were but trespassers claiming possession under a tenant of one of the intermediate vendors in plaintiff's chain of title, it was immaterial that the acknowledgment of a feme covert heir of the patentee was defective, since the appellee at least was a tenant in common and as such was entitled to recover from defendants.

[Ed. Note.—For other cases, see Acknowledgment, Cent. Dig. §§ 224, 225; Dec. Dig. § 41.*]

Appeal from District Court, Erath County; W. J. Oxford, Judge.

Action by S. Oberfelder against B. F. Gibson and others. Judgment for plaintiff, and defendants appeal. Affirmed.

L. N. Frank and W. W. Moores, both of Stephenville, for appellants. A. P. Young, of Stephenville, for appellee.

CONNER, C. J. Appellee, S. Oberfelder, instituted this suit in the district court against B. F. and M. N. Gibson to recover the title and possession to a part of the Louis C. Goodman survey of land in Erath county, also claiming rents. Appellants pleaded certain demurrers, the general denial, and the plea of not guilty, but upon the conclusion of the evidence the court peremptorily instructed the jury to find for the plaintiff for the land in controversy, and for such sum as the jury believed to be the reasonable rental value of the land for the period beginning two years prior to the institution of the suit and extending to the date of the trial. The jury returned a verdict as instructed for the land for $360 rents, and judgment was entered accordingly.

[1] Appellants present numerous assignments of error, but none of them relate to the issues of rents, and none of them relating to the issue of title in our judgment is so presented as to require or even to justify discussion and determination by us. We give appellants' first assignment and the propositions and statements in support thereof, viz.:

"The court erred in so much of its charge in instructing the jury that, 'in this case the uncontradicted evidence shows title in the plaintiff, you will therefore find for the plaintiff the land in controversy.'

"(1) Because plaintiff's title from the sovereignty of the soil from Louis C. Goodman, patentee of the land in controversy and through whom plaintiff claimed title, was not proven as plaintiff attempted to prove heirship of the party through whom he deraigned title, by pedigree, from said patentee, but did not prove that said heirs were the heirs of the patentee Louis C. Goodman. The uncontradicted evidence not proving title to said land in plaintiff.

"(2) That the evidence showed that plaintiff had not acquired the title of Mrs. Elizabeth Peck and Mrs. Sarah Echols in the land in controversy; plaintiff's evidence

showing that they were the heirs of Louis C. Goodman from whom he claims title.

"(3) Plaintiff to prove title to land in controversy by prior possession as the evidence shows that there was outstanding title in the patentee, Louis C. Goodman, of said land, which plaintiff had not acquired; or in two-fifths of said land from Mrs. Peck and Mrs. Echols if they were the heirs of patentee as claimed by plaintiff, which plaintiff had not acquired.

"(4) Plaintiff's plea of the statute of limitation of three years is not supported by the evidence. No title or color of title is shown in plaintiff, no deed identifying the land in controversy in plaintiff.

"(5) Plaintiff's plea of five years statute of limitation is without deed identifying the land in controversy or evidence of actual possession of only a part of said land or payment of taxes for five years without possession all consecutive in plaintiff; and deeds claimed under not duly recorded.

"(6) Plaintiff's plea of ten years limitation not supported by deed or actual possession to any portion of said land for the entire period of ten years.

"(7) The instruction of the court to find for the plaintiff the land in controversy was in effect to take away from the jury every issue in the case as to the title in the land in controversy.

"(8) The judgment rendered upon the verdict of the jury, rendered upon said charge, was erroneous and contrary to law in that the plaintiff proved no title to the land in controversy, or at least it was upon evidence contradictory.

"First proposition under first assignment of error. The judge shall submit all controverted questions of fact solely to the decision of the jury, and shall not charge upon the weight of the evidence.

"Second proposition under first assignment of error. A court has the right to assume a material fact only when the evidence is uncontradicted and of that conclusive character that a jury could not find against it.

"Third proposition under first assignment of error. A court in charging a jury cannot assume material facts as established, which it is incumbent upon the party claiming the benefit of them to prove.

"Statement.

"Bill of exceptions No. 12. Transcript pp 45 and 46. As to proof of heirship, statement of facts, pp. 2, 3 and 54. Outstanding title, statement of facts, pp. 1 and 54. Want of title or color of title, statement of facts, pp. 10, 11, 1 and 54. Five years limitation, failure to identify land, statement of facts, pp. 10, 11, 12, 14, same as to insufficiency of acknowledgment, payment of taxes, statement of facts, 48, 49, and 29. As to actual possession, statement of facts, pp. 48 and 49. Ten years limitation, possession, statement of facts, pp. 48 and 49. Deeds not identi-

fying land, statement of facts, pp. 10, 11, 12, 13. Mrs. Sarah Echols as heir of Louis C. Goodman, statement of facts, p. 44. Mrs. Elizabeth Peck heir of Louis C. Goodman, statement of facts, pp. 2, 3, 54. Claim by plaintiff of Mrs. Elizabeth Peck's title to the land in controversy, plaintiff's abstract of title, statement of facts, p. 60. Also deed of Marmaduke Goodman et al. to Homesley, statement of facts, pp. 10 and 11. As to outstanding title in Mrs. Elizabeth Peck by reason of void power of attorney, statement of facts, pp. 58 and 59, and transcript 46, 47 and 49.

"Authorities.

"Sayles' Civil Statutes, art. No. 1317. Byers Bros. v. Wallace, 87 Tex. 507, 28 S. W. 1056, 29 S. W. 760; Stooksbury v. Swan, 85 Tex. 567, 22 S. W. 963; G. W. P. & P. Ry. Co. v. Cornell, 84 Tex. 543, 19 S. W. 703; Williams v. Davidson, 43 Tex. 2.

"Argument.

"In this case there are five issues made by plaintiff, either one of which, if sustained, would be sufficient to enable him to recover the land in controversy, first, by proof of title to the land in controversy; second, by proof of title by prior possession of land; third, by the three years statute of limitation; fourth, by the five years statute of limitation; fifth, by the ten years statute of limitation. To establish these pleas or any one of them were dependent upon the facts as shown by the record, which devolved upon the plaintiff to prove in order to enable him to recover, and, being questions of disputed facts, should by the court have been submitted to the jury, and in not doing so the court erred, and for said error committed by the trial court the appellants seek a reversal of this cause."

This method of briefing is manifestly not in compliance with the rules. They require not only that the assignment shall point out the part of the proceedings complained of and that each point thereunder, when more than one, shall be stated as a distinct proposition, but also that to each of said propositions there shall be subjoined such brief statement of the proceeding or part thereof as will be necessary and sufficient to explain and support the proposition. See rule 31 for the Courts of Civil Appeals (102 Tex. xxx, 142 S. W. xiii). It is apparent that the formal propositions submitted under the assignment copied are but abstract rules of law which without appropriate statements of the evidence afford no assistance in the solution of the question of, whether the court's charge was erroneous, while the assignment itself contains not less than six separate and variant propositions supported at best by a statement that sweeps the statement of facts in the record from page 10 to page 111 without embodying any evidence whatever. Our duty to other litigants pre-

cludes a search by us of the many pages of the record to which mere reference is so made for the purpose of collecting and assorting the various· classes of evidence that, from the differing nature of the propositions, must, if at all, sustain the assignment. The assignment under consideration will therefore be overruled, and, inasmuch as each of appellants' 17 remaining assignments of error are presented and supported in substantially the same way as the first, the whole will be disregarded and we will look alone to appellee's brief for the facts relied upon in support of the proceedings below; this even not being mandatory on our part. See Tian v. Lloyd, 21 Tex. Civ. App. 433, 52 S. W. 982; Brannin v. Wear Boogher Dry Goods Co., 30 S. W. 572.

[2] Accepting, then, the statement of facts presented in the several counterstatements in appellee's brief, we find that the evidence is undisputed that appellee claimed through a regular chain of mesne conveyances under the patentee of the survey of which that in controversy is a part, and that appellants were but trespassers claiming possession under a tenant of one of the intermediate vendors in appellee's chain of title. This being true, it is immaterial that the acknowledgment of a feme covert heir of the patentee was defective. Appellee at least was a tenant in common and as such entitled to recover the title from appellants. Presley v. Holmes, 33 Tex. 476, 477; Allen v. Peters, 77 Tex. 59, 13 S. W. 767; Gray v. Kauffman, 82 Tex. 65, 17 S. W. 513. Not only so but it further seems undisputed that appellee was entitled to recover title and possession upon the grounds both of, prior possession and of limitation. The court therefore properly gave the peremptory instruction complained of. G. W. T. & P. Ry. Co. v. Cornell, 84 Tex. 541, 19 S. W. 703.

Judgment affirmed.