FT. WORTH & D. C. RY. CO. v. ABBOTT.
(No. 8003.)

(Court of Civil Appeals of Texas. Ft. Worth. June 20, 1914. Rehearing Denied Oct. 17, 1914.)

1. APPEAL AND ERROR (§ 742*)—ASSIGNMENT OF ERROR—SUPPORTING STATEMENT—COMPLIANCE WITH RULE.

An assignment of error followed by five propositions, after which appeared a statement of the evidence relied on to sustain such propositions, was insufficient to comply with rule 31 (142 S. W. xiii) of the Court of Civil Appeals, providing that to "each" proposition there shall be subjoined a brief statement of such proceedings as are necessary to support the proposition, with reference to the pages of the record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

2. CARRIERS (§ 304*)—INJURY TO PERSON ASSISTING DEPARTING PASSENGER — NOTICE — DEFENSE.

Where, in an action for injuries received by plaintiff while attempting to alight from a moving train after assisting his daughter on board, the evidence showed a general custom to delay trains at that point to permit persons to enter to assist passengers, the fact that the operatives of the particular train were without notice of plaintiff's intention was no defense.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1104, 1110–1114, 1124, 1242; Dec. Dig. § 304.*]

3. CARRIERS (§§ 318, 346*) — INJURY TO PERSON ASSISTING DEPARTING PASSENGER — NEGLIGENCE—SUFFICIENCY OF EVIDENCE.

Evidence, in an action for injuries received by plaintiff while alighting from a train after assisting a departing passenger to enter, held to sustain a finding that defendant was negligent in not delaying the train a reasonable time according to its custom, and that plaintiff was not negligent in attempting to alight while the train was moving.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1270, 1307–1314, 1401; Dec. Dig. §§ 318, 346.*]

Appeal from District Court, Wise County; F. O. McKinzie, Judge.

Action by A. E. Abbott against the Ft. Worth & Denver City Railway Company. From judgment for plaintiff, defendant appeals. Affirmed.

Thompson & Barwise and A. C. Wood, all of Ft. Worth, and McMurray & Gettys, of Decatur, for appellant. R. E. Carswell, of Decatur, for appellee.

CONNER, C. J. On this appeal appellant complains of a judgment for $250 for personal injuries sustained by appellee at Decatur, Tex., a station on appellant's line of railway. Appellee had gone to the station at Decatur and entered one of appellant's passenger trains together with his daughter, who was burdened with a babe and grips, for the purpose of assisting her in securing a comfortable seat. The daughter was a passenger, and it was alleged that the defendant's agents and servants were guilty of negligence in not detaining the train a sufficient length of time to enable the plaintiff to assist his daughter and thereafter alight. It was charged that it was the custom on the part of appellant to permit persons to so board its passenger trains, but that very soon after plaintiff's entry, and before he had succeeded in securing a seat for his daughter, some one called, "All aboard," and the train began immediately to move. Thereupon he hurriedly turned and went upon the platform, and in alighting was thrown and injured in the manner set out in his petition.

[1] Appellant first assigns error "because the court erred in section 1 of his charge, in that the custom charged about would not

bind the defendant and exonerate the plaintiff for his own negligence"; five reasons for the objection being stated in the assignment. The assignment is followed by five formal propositions, after which appears a statement of the evidence relied upon to sustain the several propositions. We would feel entirely justified in wholly disregarding the assignment for want of compliance with the rules. The rules, after prescribing the requisites of an assignment, provide that it shall be followed by appropriate propositions and statements, and in rule 31 (142 S. W. xiii) it is declared that:

"To each of said propositions there shall be subjoined a brief statement, in substance, of such proceedings, or part thereof, contained in the record as would be necessary and sufficient to explain and support the proposition with reference to the pages of the record."

A statement such as we have before us we regard as not in compliance with the rule. Therein all evidence relied upon as supporting each of the five propositions under the assignment is set out. The propositions present different questions of law, and of necessity, as presented, a search must be made of the entire statement under each proposition for the particular evidence, if any, relevant to the proposition. More than once this method has been condemned. See Gibson v. Oberfelder, 148 S. W. 829, and authorities therein cited.

[2] However, the questions attempted to be presented in the several propositions under the first assignment are, perhaps, sufficiently raised under other assignments, and we will undertake to briefly dispose of them. It is insisted that there was no evidence of a custom on the part of the railway company to delay its trains at Decatur and permit persons to enter to assist passengers, or, if so, that such custom was known to or approved by the defendant's agents in charge of the train, or that the agents operating the train had any notice of the plaintiff's purpose in entering therein. We have examined the evidence, and it cannot be doubted that it very clearly raised the issue of the long-continued custom as alleged. Proof of the general custom is undoubtedly evidence of notice to the appellant company, and it was wholly immaterial that the operatives of the particular train were, as they testified, without notice of plaintiff's intention. See Tex. Cent. R. R. Co. v. Hutchingson, 132 S. W. 509, in which writ of error was refused.

[3] The only remaining material questions presented go to the sufficiency of the evidence to sustain the verdict and judgment upon the issue of appellant's negligence as alleged and of appellee's contributory negligence as asserted in defense. There was evidence in behalf of appellant tending to show that the train stopped at Decatur four minutes—the usual time—but the plaintiff testified, in substance, that at the earliest moment that he

was permitted he assisted his daughter, with her child and grips, to enter the train, with the intention on his part of securing her a seat, but that before he had time to pass through the colored department of the car he heard some one call, "All aboard," when the train immediately began to proceed; that he thereupon hurriedly set down his grips, called to his daughter that he must get off, and returned to the platform; that as he attempted to descend the steps nearest to him he met the brakeman, who was a large man, and who said, "D——n a man who is always in the way;" that he then reascended and crossed the platform to the steps on the opposite side, from which he alighted, believing at the time that the train was running slowly and he could do so safely, but that he was thrown against some bricks and injured. We think the evidence sufficient to support the jury's verdict, to the effect that appellant was guilty of negligence in not delaying the train beyond the time it did, and that appellee was not guilty of contributory negligence in alighting from the train. There are cases, of course, holding that a person alighting from a train while in motion is guilty of negligence as a matter of law under certain circumstances. See Railway v. Highnote, 99 Tex. 26, 86 S. W. 923; Ry. v. Wallace, 139 S. W. 1052. But in the case before us the evidence tends to show that the train had gone but a very short distance, that it was running slowly, and that the brakeman at least knew of the plaintiff's purpose and desire to alight, and, as indicated, we cannot say that, as a matter of law, appellee's negligence was established.

Plaintiff's testimony to the effect that he thought he could get off without falling was relevant, we think, to the issue of his contributory negligence, and the court committed no error in overruling the objection that it was but an opinion. See I. & G. N. Ry. Co. v. Satterwhite, 19 Tex. Civ. 170, 47 S. W. 41.

We conclude that no reversible error as assigned has been presented, and that the judgment should be affirmed.

SPEER, J., not sitting.