TANNEHILL et al. v. TANNEHILL et al.
(No. 8021.)

(Court of Civil Appeals of Texas. Ft. Worth. Oct. 24, 1914.)

1. HUSBAND AND WIFE (§ 221*)—WITNESSES (§ 139*)—COMPETENCY—TRANSACTIONS WITH DECEDENT.

Acts 33d Leg. c. 32 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 4621, 4622, 4624), enlarging the property rights of married women, and giving them control over their separate estates, does not expressly or by necessary implication repeal Rev. St. 1911, art. 1841, providing that the husband and wife shall be jointly sued for all separate debts and demands against the wife, and hence, in a suit to partition land which a married woman claimed by gift from her deceased brother, the husband was a necessary party and could not, by filing a disclaimer, become a competent witness concerning the gift.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 707, 802–806, 968, 973, 976½; Dec. Dig. § 221;* Witnesses, Cent. Dig. §§ 582–597; Dec. Dig. § 139.*]

2. WITNESSES (§ 140*)—COMPETENCY—TRANSACTIONS WITH DECEDENT.

Acts 33d Leg. c. 32, giving a married woman control over her separate property and over the rents from her separate real estate, does not deprive such rents of their character as community estate, and hence, in an action to partition land which a married woman claimed by gift from a decedent, her husband, even though not a formal party, had such an interest as rendered him an incompetent witness within the statute relative to testimony concerning transactions with a decedent in suits by or against his heirs.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 598–618; Dec. Dig. § 140.*]

3. WITNESSES (§ 139*)—COMPETENCY—TRANSACTIONS WITH DECEDENT.

In a suit to partition the land of a decedent, the testimony of a defendant that she claimed the land in controversy by gift from the decedent was properly excluded, as it violated the statute relative to testimony concerning transactions with a decedent in suits by or against his heirs.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 582–597; Dec. Dig. § 139.*]

4. APPEAL AND ERROR (§ 499*) — RECORD — MATTERS PRESENTED FOR REVIEW.

The refusal of special charges will not be reviewed, where the bill of exceptions fails to show that they were requested before the main charge was read to the jury.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2298; Dec. Dig. § 499.*]

5. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—SUFFICIENCY OF STATEMENT ACCOMPANYING ASSIGNMENT.

An assignment of error complaining of the refusal of special instructions will not be considered, where it is not followed by a statement from the record showing that such charges were called for by the evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

---

6. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—SUFFICIENCY OF STATEMENT ACCOMPANYING ASSIGNMENT.

In a suit to partition land of a decedent which defendant claimed by gift from the decedent, a statement under an assignment of error complaining of a peremptory instruction for plaintiff, stating that defendant introduced a letter, "testimony as admitted reasons for gift and capacity of donor, * * * evidence of completed gift, * * * testimony of permanent and valuable improvements with separate means of defendant, * * * and knowledge and acquiescence of donor until his death two years after delivery of the property and execution of gift," with references to the names of the witnesses and pages of the statement of facts, was insufficient, under rule 34 for Courts of Civil Appeals, providing that, in propositions relating to fundamental errors apparent upon the record, enough must be stated to make the error which pervades the case obviously apparent without requiring the court to search through the record to find errors which it will not do unless properly pointed out, if the judgment is one which the trial court is competent to render.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

Appeal from District Court, Comanche County; J. H. Arnold, Judge.

Action by Harriet Tannehill and others against Della Tannehill and others. From a judgment in favor of plaintiffs, the defendant named appeals. Affirmed.

J. P. Graham, of Comanche, for appellant. Goodson & Goodson, of Comanche, for appellees.

SPEER, J. This was an action for partition brought by appellees against appellants, seeking to partition a number of blocks of land in the city of Comanche, wherein appellant Della Tannehill claimed, in addition to her one-third interest as heir, a fee-simple title to the E. ½ of the S. E. ¼ of block No. 39 by virtue of a parol gift from her deceased brother, Milo Wright, the common source of title. After the evidence was in, the trial court instructed a verdict for the plaintiffs, and the defendant Della Tannehill has appealed.

[1, 2] The first ground of error alleged is that the court erred in overruling the disclaimer of J. A. Tannehill, appellant's husband, and in sustaining objections to his testifying as to statements by and transactions with the deceased, Milo Wright, tending to show a completed gift of the property in controversy to appellant. The argument is advanced that the recent act of the Thirty-Third Legislature (Acts 33d Leg. p. 61), enlarging the property rights of married women, and especially giving them control over their separate estates, makes it unnecessary for the husband to be sued with the wife in actions such as this, and makes admissible the testimony offered in the present case. While it is true the act in question does very materially enlarge the right of control of married women over their separate estates, it is also true the act does not

expressly nor, as we think, by necessary implication repeal article 1841 of the Revised Statutes, declaring that:

"The husband and wife shall also be jointly sued for all separate debts and demands against the wife, but, in such case, no personal judgment shall be rendered against the husband."

In all suits against the wife, it is necessary that the husband be sued with her, and it would be error to dismiss as to him and proceed against the wife alone. Speer's Law of Married Women, § 296; Taylor v. Bonnett, 38 Tex. 521. Besides, if the husband were not a formal party to the action, he would yet have such interest in the subject-matter of the litigation as to preclude his testifying to a transaction with the deceased by which his wife became owner of the property. While the recent amendment already referred to gives the wife control over her separate property and over the rents from her separate real estate, it nevertheless does not change the character of such rents so as to make them the wife's separate property. They continue to belong to the community estate, and the husband, therefore, is the owner of a one-half interest therein. It follows he has a very substantial interest in the wife's separate lands, and such an interest as to make him a party, within the meaning of the statute forbidding one to testify to transactions with the deceased in suits by or against the heirs.

[3] There was no error in refusing to permit appellant herein to testify that she claimed the land in controversy by gift from her deceased brother, Milo Wright, since such testimony very clearly was a violation of the statutes last above referred to.

[4, 5] The fourth assignment of error is not considered, for the reason it complains of the court's refusal to give special instructions Nos. 1, 2, 3, 4, 5, 6, and 7, because of an improper grouping, and because the bills of exception fail to show that the special charges were requested before the court had read his main charge to the jury, and because, further, the assignment is not followed by a statement from the record sufficient to show that such charges were called for by the evidence.

[6] The fifth assignment of error complaining of the peremptory instruction to find for the appellees is overruled, because the statement submitted thereunder is insufficient under the rules, and we are not required to search the record for the facts, even in a case of fundamental error, where the judgment is one which the trial court is competent to render in the case. See rule 34 (142 S. W. xiii). The statement under this assignment, which we hold to be insufficient, after a recitation of the pleadings of the appellant, is as follows:

"Della Tannehill was introduced in evidence; letter from Milo Wright to Della Tannehill. Facts, p. 11. Witness Jacobs Facts p. 13;

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

appellant Della Tannehill's testimony as admitted reasons for gift and capacity of donor, facts page 12; J. A. Tannehill's testimony, facts page 9; Evidence of completed gift witness Jack Tannehill's testimony facts pages 16 and 17; Testimony of permanent and valuable improvements with separate means of defendant, J. A. Tannehill's testimony, facts pp. 9 and 10. Della Tannehill's page 12; and knowledge and acquiescence of donor until his death two years after delivery of the property and execution of gift already cited. Jack Tannehill and Jacob's testimony before cited."

This very clearly is a violation of the rules according to the decisions of this court. Gibson v. Oberfelder, 148 S. W. 829.

The seventh, eighth, and ninth assignments are overruled, for the reason immediately above given; the only statement under these assignments being a mere reference to the preceding statement, which we have held to be insufficient.

We find no error in the judgment, and it is affirmed.