## MURPHY v. SUN OIL CO.

### No. 8184.

Circuit Court of Appeals, Fifth Circuit.

Dec. 7, 1936.

Rehearing Denied Jan. 13, 1937.

R. L. House, of San Antonio, Tex., and Felix A. Raymer, of Houston, Tex., for appellant.

J. W. Timmins and T. L. Foster, both of Dallas, Tex., and B. D. Tarlton, of Corpus Christi, Tex., for appellee.

Before HUTCHESON and HOLMES, Circuit Judges, and STRUM, District Judge.

HUTCHESON, Circuit Judge.

The suit was in trespass to try title by petition in the usual form for a tract of 68½ acres of land which was alleged to exceed in value the sum of $3,000, exclusive of interest and costs. The ground of jurisdiction was diversity, plaintiff being a resident citizen of the state of New Jersey, and defendant of the state of Texas.

Defendant filed a plea in abatement and to the jurisdiction of the court, alleging nonjoinder of necessary and indispensable parties, to wit, the lessors of the oil and gas lease under which plaintiff claims, and subject to the plea filed the statutory answer of not guilty, and pleaded the statutes of limitations of three, five, and ten years. (Vernon's Ann.Civ.St.Tex. arts. 5507, 5509, 5510)

Tried on jury waiver, there were findings and judgment for plaintiff. Appellant is here urging that for want of jurisdiction the suit should not have been entertained, (1) because plaintiff did not prove that the requisite jurisdictional amount was involved, and (2) because the court ought not to have proceeded in the case in the absence of lessors, who, being residents of Texas, could not have been joined without ousting the jurisdiction.

We are satisfied that the jurisdictional points are without merit. As to the first point, the want of necessary parties, it is plain that appellant has overlooked the fact that this action is not in equity to remove cloud, but is at law to try title. In such an action one cotenant can sue for and recover title to the whole tract for the benefit of himself and his cotenant, as against one having no title, and it is settled law in Texas that a lessor and lessee in an oil and gas lease are cotenants. Padgett v. Guilmartin, 106 Tex. 551, 172 S.W. 1101; Taylor v. Higgins Oil & Fuel Co. (Tex. Civ.App.) 2 S.W.(2d) 288; Allen v. Peters, 77 Tex. 59, 13 S.W. 767; Sheffield v. Hogg, 124 Tex. 290, 77 S.W.(2d) 1021, 80 S.W. (2d) 741; Evans v. Mills (C.C.A.) 67 F. (2d) 840.

As to the second point, the failure to prove the jurisdictional amount, there is an admission in the record that the subject matter in controversy was more than $3,000. The force of this admission cannot be qualified by the position appellant now takes that that admission was as to the 68½ acres in controversy, and not as to the seven-eighths interest in it which appellee was really pressing. It cannot be so qualified, first, because the whole tract was the subject matter of the controversy, and the whole tract was recovered. It cannot be for the further reason that, if it be assumed that, after appellee's plea in abatement for want of necessary parties was overruled, he understood that the seven-eighths interest of plaintiff as lessee was the subject matter of the controversy, this admission must be taken as specifically admitting that the value of that seven-eighths was in excess of $3,000. Nothing in McNutt v. General Motors Acceptance Corporation, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135, supports appellant's contention. The opinion in that case pointed out that the court made no adequate finding upon the issue of jurisdictional amount and that the record contained no evidence to support the allegations of the bill. Here there was a definite admission and finding that the jurisdictional amount existed. Plaintiff pleaded to the jurisdiction on the ground alone of want of parties. His concession that there was the requisite diversity and amount to give jurisdiction and the court's definite finding that there was fully and completely satisfy the most rigid requirements.

On the merits appellant insists that, though plaintiff made out a paper title, this was overthrown by defendant's showing (1) of an equitable title based upon a parol sale, the payment of the consideration and the making of valuable improvements, and (2) of a limitation title under the ten-year statute. The claim of equitable title was based on the contention that, though the deed from King to Dilworth under which appellant holds did not describe the land in controversy, it was pointed out in the

negotiations as part of the land to be deeded and must be held to have passed by the sale.

The evidence was heard orally. The District Judge found against defendant's claim of parol sale and of title by limitation. As to the former, he found that King, the common source of claim of title, had not definitely pointed out and definitely sold by parol the land in controversy to Dilworth through whom appellant claims, nor had Dilworth so sold it to appellant, that it was not included in the description in the deed and that there was no verbal sale of it.

█ As to limitation, he found that King had not occupied the land in controversy as Dilworth's tenant, and that neither Dilworth nor appellant, nor the two together, had had such continuous, uninterrupted, peaceable, and adverse possession as to give appellant title under the ten-year statute. The evidence other than documentary was all given orally. The District Judge heard the witnesses, and we are bound by his findings unless they are unreasonable, that is, wholly without support in the evidence. We cannot find them so.

█ As to the limitation defense, the court found upon evidence amply sustaining the finding, that no proof was made of peaceable, adverse, and continuous possession of the land in suit which would satisfy the statute. This finding was supported both by his rejection of Dilworth's testimony and by a record which shows that, taking Dilworth's testimony at its best for appellant, it did not show that continuity of adverse possession which the statute requires.

█ As to the claim of equitable title by parol sale, "it is settled law in Texas that the prohibitions of the statute of frauds (Vernon's Ann.Civ.St.Tex. art. 3995 et seq.) will not be relaxed except where necessary to prevent a fraud," Turfitt v. Perales (C.C.A.) 63 F.(2d) 659, 660; Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 15 A.L.R. 216, and then only when the proof is very clear. When coming to the proof it is seen that there was no proof whatever of the making of valuable improvements, and that appellant relies entirely for his proof upon Dilworth, it is clear that it may not be claimed that the findings are without support.

As to his testimony as to what land King sold him, and he sold appellant and how the lines were pointed out in each sale, Dilworth found himself confronted not only by the plain, precise, and definite terms of the deed he took from King and gave to appellant, but by an affidavit he had made directly contradicting his testimony that King pointed out the boundaries of the land when he sold it to him and he pointed them out when he sold it to appellant. He also found himself confronted by the fact, which went to impeach his claim that he had sold the land in controversy to appellant, that he had quitclaimed it to the agent of appellee.

█ In view of these circumstances which went to his credibility, and the fact that King was dead and in no position to contradict his self-serving claims, the District Judge was not bound by his testimony, nor compelled to rest a finding upon it, though it stood otherwise uncontradicted, Mutual Life Ins. Co. v. Sargent (C.C.A.) 51 F. (2d) 4; Equitable Life Assurance Society v. Salmen (C.C.A.) 81 F.(2d) 571.

█ But aside from all this, to have found an equitable title by parol sale here would have been in the teeth of appellant's own proof that the sale was by deed. The same transaction cannot be at once a sale by parol and by deed. Parol negotiations leading up to a sale there certainly may be, but the deed which consummates them in law supersedes all such negotiations by gathering them into the writing. Appellant's proof, if believed, tended to show, not an equitable title, but an equity to have the deeds reformed to speak the true intention of the parties. It tended, in short, to support a claim of mutual mistake attending the execution of the King and Dilworth deeds, and that an action, if timely brought, would have lain to reform them. Here appellant stood upon his plea of not guilty. He asked no affirmative relief, none could have been given him.

Whether the fact of Murphy's possession and that King and Dilworth intended to include, and thought they had included, this land in Dilworth's deed and that King had occupied the land thereafter for Dilworth, would now, if it could be established, support an affirmative action by Murphy to have the deed reformed, is not before us for decision. It is sufficient to say in disposition of the appeal that no such affirmative relief by reformation was sought by defendant, that, absent reformation, and on the title as it now stands, appellee showed the better right in the land in controversy, and that the judgment in its favor should be affirmed.