## No. 2368.

## D. N. ANDERSON *v.* T. P. JACKSON.

1. LIMITATION.—When there is a conflict between two surveys which have been patented, and the owner of the junior grant has possession of only a part of that portion which is in conflict, and the owner of the elder grant has had like occupation of that portion of his grant which is not included in the conflict, the statute of limitations is only available to the owner of the junior grant, to the extent of his actual possession.

2. SAME—CONSTRUCTIVE POSSESSION.—There can be but one constructive possession of the same land, and in case of a conflict, the seizure and possession of the true owner must prevail over the claim by construction of possession by one who holds under mere color of title.

APPEAL from Ellis.     Tried below before the Hon. Anson Rainey.

*Anderson & Cox,* for appellant, cited Jones v. Menard, 1 Texas, 780; Hays v. Barrera, 26 Texas, 78; Sutton v. Carabajal, 26 Texas, 500; Ballard v. Perry, 28 Texas, 347; Frisby v. Withers, 61 Texas, 134; Dikes v. Miller, 24 Texas, 422; and Blue v. Chandler, 17 Texas, 127.

*J. W. Ferris,* for appellee.

GAINES, ASSOCIATE JUSTICE. This was an action brought in the court below by appellant against appellee to establish the true boundary line between the E. T. Branch and the J. Jordan surveys, and to recover a strip of land about forty varas wide and six hundred and seven varas long. The defendant disclaimed as to all the land claimed by plaintiff not embraced in the Jordan field notes, and pleaded not guilty and the statute of limitations. There was a trial before the court without a jury, and a judgment for the defendant.

One Cunningham, the county surveyor of Ellis county, was appointed by the court to make a survey of the land in controversy, and his report was introduced in evidence. He was also examined as a witness. He testified that he made the original survey of the Jordan, and located its lines and corners on the ground—calling for the north line and corners of the Branch,

which was the older survey and grant.   These corners and lines of the Branch were not marked, and he did not know where they were, but fixed their position, when he surveyed the Jordan, by a calculation made in his office.   He subsequently surveyed the Branch, and found its north line about thirty-eight varas north of the Jordan south boundary, as originally established by him on the ground.   Appellant showed title to the Branch, and that being the older grant, was entitled to a judgment, unless appellee made good his plea of the statute of limitation of three years.   Appellee deraigned title to the Jordan by a regular chain of conveyances from the grantee of the State, and proved that he had had actual possession of a part of the land covered by the two surveys for more than three years before the bringing of the suit.   Appellant and those under whom he claimed had held actual and continuous possession of a portion of the Branch survey for several years before the trial, but had occupied no part of the disputed strip till after appellee had occupied it in part for more than three years.

The defendant was therefore clearly entitled to hold to the limits of his actual enclosure; but whether he could to the actual boundaries of his deed and patent, is a different question.   It is well settled that, when two surveys are in conflict, and both owners are in possession of their respective grants, but neither of the strip of interference, the partial possession under the older and better title gives constructive possession and seisin of the whole, and the holder of the title to the junior grant can not set up the statute of limitations as to the conflict.   This is even so when the latter is in possession under his deed at the time the former actually occupies his land.   The better title immediately draws to a partial occupancy under it, the constructive possession of the entire land covered by it not in the actual possession of a hostile claimant.   (Parker v. Baines, 65 Texas, 605; Evitts v. Roth, 61 Texas, 81; Ledyard v. Brown, 27 Texas, 393; Sutton v. Carrabajal, 26 Texas, 497; Texas Land Co. v. Williams, 51 Texas, 51.)   But we have found no decision of this court, presenting the exact case of a conflict between two grants, in which a claimant under the junior had possession of a part only of the conflict, and the owner of the older occupies a portion of his grant which, however, does not extend over any part of the interference.   The precise point came up in the case of Hunnicutt v. Peyton, 102 U. S., 333, and it was there decided that the statute of limitations was only available to the claimant under the junior title to the extent

of his actual possession; and the court, in their opinion, say: "We know of no authoritative decision in conflict with this." (See, also, Bradley v. West, 60 Mo., 33; Alternus v. Long, 4 Pa. State, 254.)

This is also the doctrine recognized by this court in Frisby v. Withers, 61 Texas, 143, though the question was not necessarily involved in the decision of that case. This must be taken as the true rule. The controlling principle is, that there can be but one constructive possession of the same land, and that in case of conflict, the seisin and possession of the true owner must prevail over the alleged constructive possession of one who holds under mere color of title. It follows from what has been said, that appellant was entitled to recover the land claimed by him to the limits of appellee's enclosure, and that the court erred in giving judgment against him.

Some time before the trial, and before appellant's purchase of the Branch survey, his grantor made a written agreement with the owners of the surveys adjoining it on the east, that a surveyor should run and establish the east boundary line of that survey, and that when so run it should be taken as its true east boundary. The line was accordingly run and a report made and acquiesced by the parties to the agreement. But of these parties neither appellee nor his vendor was one. The agreement and report were admitted in evidence over the objection of the appellant. In this we think there was also error. His vendor not having been a party to this agreement, appellee was not bound by it; neither did it conclude appellant as to him. It was neither an agreement to establish the north line of the Branch survey, which is the line in controversy in this suit, nor its northeast corner; and although the surveyor fixed that corner in executing the agreement, we are unable to see that this in any manner affected the rights of the parties to this suit as between themselves.

For the errors pointed out the judgment must be reversed and the cause remanded.

*Reversed and remanded.*

**Opinion delivered December 16, 1887.**