## T. H. PARKER v. BROWN & RICKETTS.

### No. 7271.

1. **Limitation of Ten Years.** —Limitation of ten years held to run in favor of occupants of University lands against one claiming under purchase from the State, although as to the rights of the State limitation would not run.

2. **Purchasers of University Lands—Statutes Construed.**—Sections 1 and 2 of Act of March 4, 1875, gave only to occupants the right to purchase lands which had been forfeited for nonperformance of the conditions of their sale. One not a resident having contracted to buy but not complying with his contract shows no title against an occupant at the first forfeiture who continued his residence and purchased under Act of April 1, 1887.

3. **Same—Right of State in Forfeited Lands.**—As against the occupants under Act of March 4, 1875, buying under Act of April 1, 1887, the State only has the right to the purchase money under their contract.

APPEAL from Grayson. Tried below before Hon. H. O. Head.

Sections 1 and 2 of Act of March 4, 1875, for the relief of persons interested in the University lands, etc., are as follows:

"Section 1. Be it enacted, etc. That the time for the payment of any sum or sums of money now due or hereafter to become due on and for any lands heretofore sold under an act entitled An Act for the sale and disposition of University lands, approved August 30, 1856, and the act amendatory thereof approved November 12, 1866, be and the same is hereby extended until the 1st day of March, 1876; provided, that no person shall be entitled to the benefits of this act unless the terms and

conditions herein provided are strictly complied with. That to entitle the purchaser, his heirs or assigns, to such extension of time as above provided, he, her, or they shall, on or before the 15th day of May, 1875, enter into a new obligation, with two or more sufficient sureties, to be delivered to and approved by the agent hereinafter provided for, securing to the State such sum or sums of money due or owing for said lands, which said obligation shall conform in all respects to the subsisting obligation, except as to the extension of time.

"Section 2. That if any purchaser of said lands, his or her heirs or assigns, shall fail to pay the amount due or to become due on the purchase of said lands as aforesaid, or fail to comply with the first section of this act on or before the 15th day of May, 1875, said purchase and sale shall become null and void, and the rights of said purchasers failing shall become forfeited, and in case such failure is made as aforesaid within the time prescribed, then the occupant or occupants of any of said lands which have been forfeited as aforesaid may acquire title to the same; provided, he, her, or they shall, on or before the 15th day of June, 1875, pay off and discharge the amount of money which may be due or owing from the said purchaser or purchasers, or that said occupants shall enter into bonds or obligations to pay the same by the 15th day of June, 1875, in the manner and under the same terms, restrictions, and conditions as are provided for the said purchasers in the first section of this act."

The facts discussed are given in the opinion.

*Hare, Edmundson & Hare,* for appellant.

*W. W. Wilkins,* for appellees, cited Burford v. Gray, 51 Texas, 331; Act of March 4, 1875, sec. 2; Act of April 1, 1887.

STAYTON, CHIEF JUSTICE.—The land in controversy is the southeast quarter of section 3, league 12, of University land situated in Grayson County, which under the Act of August 30, 1856, was contracted to J. H. Evans, who never complied with his obligation to pay for it. He further failed to comply with the first section of the Act of March 4, 1875, passed for the relief of such persons as had failed to comply with their contracts made for the purchase of such lands under the former law.

On May 22, 1875, T. H. Parker attempted to purchase the same land, and executed such an obligation as would have entitled him to the land had he been an occupant of it at the time and made such payments as his obligation required him to make. This obligation required him to pay to the State $777.83 on or before March 1, 1876, and annually thereafter one-fortieth of the balance of purchase money with interest, but he only paid $25 of the sum he agreed to pay, and was not an occupant

of the land at any time. To recover the land he brought this action against Brown and Ricketts, who bought the land from the State under the Act of April 1, 1887, and have complied with all the requirements of that law. Gen. Laws 1887, p. 83.

They and those under whom they claim had been in actual adverse possession of the land for more than ten years before this action was brought. The State intervened, and set up the facts in relation to the purchase by Parker, his failure to comply with his contract, sought a rescission of that contract, and denied the right of the defendants to the land, but there was a judgment rendered in favor of the defendants, and from that judgment this appeal is prosecuted.

The court held that Parker's claim as against defendants was barred by the ten years period of limitation, which was pleaded, and there was no error in this finding, although limitation would not run against the State.

It is claimed that the sale to defendants conferred no right upon them, and this proposition is based on the theory that Parker lawfully purchased the land, and that for this reason until the sale to him was rescinded the State could not sell again. The second section of the act under which Parker claims to have purchased, declares "That if any purchaser of said lands, his or her heirs or assigns, shall fail to pay the amount due or to become due on the purchase money of said lands as aforesaid, or fail to comply with the first section of this act on or before the 15th day of May, 1875, *said purchase and sale shall become null and void,* and the rights of such purchasers failing shall become forfeited, and in case such failure is made as aforesaid within the time prescribed, *then the occupant or occupants of any of said lands* which have been forfeited as aforesaid may acquire title to the same; provided, he, her, or they shall, on or before the 15th day of June, 1875, pay off and discharge the amount of money which may be due or owing from said purchaser or purchasers, or that said *occupants* shall enter into bonds or obligations to pay the same by the 15th day of June 1875, in the manner and under the same terms, restrictions, and conditions as are provided for the said purchasers in the first section of this act." Gen. Laws 1875, p. 60.

The first purchaser failed to pay for the land or to comply with the first section of the act on or before the 15th day of May, 1875, and in consequence of this the purchase and sale to him became "null and void" and "forfeited" in accordance with the express terms of the act. The land was therefore subject to sale under the Act of April, 1, 1887, as other lands belonging to the University fund, unless Parker's attempt to purchase withdrew it from sale. On failure of the first purchaser to comply with the act under which he bought, or with the first section of the Act of March 4, 1875, the land becomes subject to purchase by an occupant of it, but not subject to sale to one not an occupant.

It is not necessary to inquire into the motive of the Legislature in restricting sales to occupants of University lands which had been sold to others who had failed to comply with their contracts or to comply with the Act of March 4, 1875, for it is enough that the Legislature did restrict the right to buy on terms prescribed to occupants.

Parker was not an occupant and therefore acquired no right to the land, and the former sale having been annulled the land was subject to sale under the Act of April 1, 1887. Parker shows no right, and the right of the State is to have payment for the land from defendants, or in case of their failure to pay in accordance with the law and their contract, to such other relief as the law may give.

There is no error in the judgment, and it will be affirmed.

*Affirmed.*

Delivered April 21, 1891.