## W. C. McCown v. C. B. McCafferty.

### Delivered June 13, 1896.

**1. State School Land Purchase—Forfeiture by Land Board for Non-Payment of Interest.**

After the passage of the Act of February 23, 1885, the Land Board had no power to declare a forfeiture of a purchase of school lands made under the Act of 1883, for non-payment of interest. Following Berrendo Stock Co. v. McCarty, 85 Texas, 412.

**2. Same—Trespass to Try Title—Limitation of Three Years.**

The Land Board, without authority therefor, declared the forfeiture of a purchase of State School land, and the land was thereafter sold by the State to another, who occupied it for three years, and was then sued in trespass to try title for the land by the first purchaser. Held, that limitation was not available to the defendant, since he had neither title nor color of title within the three years statute.

**3. Trespass to Try Title—Value of Improvements—Evidence.**

In trespass to try title, when there is no evidence offered of the value of the land with and without the improvements, the defendant is not entitled to recover the value of his improvements, though such value be admitted.

APPEAL from Jones. Tried below before Hon. ED. J. HAMNER.

*A. M. Craig* and *C. C. Terrell*, for appellant.

*Kirby & Kirby*, for appellee.

STEPHENS, ASSOCIATE JUSTICE.—Appellee brought this action of trespass to try title to recover 320 acres of school land in Jones County. Appellant's defense was not guilty, limitation of three years, and claim for the value of improvements.

The court not only gave appellee a judgment for the land, but denied appellant any recovery for the value of his improvements. This judgment rests upon the following agreed statement of facts:

"1. Plaintiff C. B. McCafferty purchased the land in controversy under the act of 1883, chapter 88, page 85, and in the sale by the State to plaintiff all requirements of law and the resolutions of the Land Board were fully complied with, the award of said land to plaintiff having been made January 3, 1894. Plaintiff made but one payment on said purchase.

"2. Plaintiff failed to pay the interest on said land for the year 1885, and said land was on account of said failure declared forfeited by the Land Board of the State of Texas.

"3. After said land had been declared forfeited, the defendant W. C. McCown properly made application to purchase the N. W. ¼ of sec. 10, B. B. B. & C. R. R. Co. lands (the land in controversy herein) under the Acts of 1887, chapter 99, page 83, complied with all requirements of said Act of 1887, and on April 16, 1888, said N. W. ¼ of said sec. 10 was regularly awarded to defendant W. C. McCown, and on August 5, 1891, W. C. McCown filed in the General Land Office his proof of three years occupancy of said land.

"4. Defendant W. C. McCown took possession of said land on December 6, 1887, enclosed same more than three years before August 6, 1894, and has continuously remained in possession to the date of trial hereof.

"5. Defendant W. C. McCown has made improvements on said land as follows:

| | |
|---|---:|
| 90 acres grubbed and put in cultivation | $400 00 |
| Built 2 miles of fence of wire and posts | 100 00 |
| "    dwelling house of 4 rooms | 250 00 |
| "    cistern | 50 00 |
| "    stock sheds | 50 00 |
| Planted 2 acres in orchard | 60 00 |
| Put in water tank | 25 00 |
| | |
| Total value of improvements | $935 00 |

all of which said improvements were made more than one year before the commencement of this suit.

"6. The record of classification and sale of public lands kept by the County Clerk of Jones County, Texas, shows that the land in controversy was sold to W. C. McCown, defendant, on April 14, 1888."

It is clear that the Land Board had no power to declare a forfeiture of a purchase of school land for non-payment of interest, under the Act of 1883, after February 23, 1885, when the act to prevent such forfeitures was approved. Acts of 1885, p. 18; Berrendo Stock Co. v. McCarty, 85 Texas, 412.

And it seems that the power conferred by the Act of 1887 on the Land Commissioner to declare forfeitures of purchases made under that act (as provided in sec. 11) was not to affect (as provided in sec. 25) the rights of purchasers under former laws. Acts of 1887, p. 83. The dictum in Anderson v. Waco State Bank, 86 Texas, 618, seems to have overlooked section 25 of that act.

Limitation was no defense, because appellant had neither title nor color of title as defined in the three years statute. Sayles' Statutes, 3191 and 3192; Buford v. Bostick, 58 Texas, 63.

Nor did appellant go far enough in the proof to entitle him to recover the value of his improvements, in that no evidence was offered of the value of the land, with or without the improvements. Sayles' Statutes, 4814; Thomas v. Quarles, 64 Texas, 491.

These conclusions overrule all the assignments of error and every proposition submitted in appellant's brief.

Affirmance of the judgment must therefore be entered, though it is done reluctantly, as the record suggests a better case for appellant than it really contains.

*Affirmed.*