## T. B. WILLIAMSON ET AL. V. J. T. BROWN.

### Decided February 29, 1908.

**Limitation—Three Years—Title or Color of Title.**

A junior patent is a sufficient grant of land which is subject to location and grant to support the defense of three years adverse possession, since it is effectual to convey to the grantee whatever right or title the government may have in the land at the time of making the grant, although, on account of a previous grant, only an inferior title is conveyed. Such title is only void as to the prior grant. But an unauthorized patent to public school land is absolutely void and therefore is neither title nor color of title within the meaning of the statute of limitation.

Appeal from the District Court of Lubbock County. Tried below before Hon. L. S. Kinder.

*H. C. Ferguson,* for appellants.—The land owned and claimed by appellant having been located and the patent therefor issued by the State of Texas prior to the purchase by the plaintiff of the section sued for, it passed the superior title to appellant, and if there is a conflict on the ground between the two surveys, that of appellant is the superior and that held by plaintiff must yield, it being immaterial that the title to that purchased by plaintiff had been previously surveyed for the public school. Frontroy v. Atkinson, 17 Texas Ct. Rep., 749; Decourt v. Sproul, 66 Texas, 370; Culbertson v. Blanchard, 79 Texas, 491; Bryan v. Shirley, 53 Texas, 459; Bowmer v. Hicks, 22 Texas, 162; Carter v. Clifton, 17 Texas Ct. Rep., 177; Sayles' Civil Statutes, art. 1333; Scott v. Farmers & M. Nat. Bank, 3 Texas Ct. Rep., 885; Lloyd v. Brinck, 35 Texas, 6; Clanborne v. Tanner, 18 Texas, 68; Brown v. Rentfro, 57 Texas, 332; Templeman v. Gibbs, 25 S. W. Rep., 737; Galan v. Goliad, 32 Texas, 788; Armstrong v. Elliot, 20 Texas Civ. App., 41; Converse v. Langshaw, 81 Texas, 277; Grigsby v. May, 84 Texas, 249; League v. Rogan, 59 Texas, 427.

*W. D. Benson, L. W. Dalton* and *Geo. R. Bean,* for appellee.— A patent to a preemption is void if its location was made on land theretofore surveyed for the school fund, and the patent is also void and will not support limitation, even if patented after the school land is sold. Hogue v. Baker, 92 Texas, 58; Besson v. Richards, 24 Texas Civ. App., 64; Texas Land & Mortgage Co. v. State, 1 Texas Civ. App., 616; Sutton v. Carabajal, 26 Texas, 497; Clark v. Smith, 59 Texas, 279; Jones v. Andrews, 9 S. W., 172.

STEPHENS, ASSOCIATE JUSTICE.—There is a conflict between

the southern boundary of section 16, block RG, in Lubbock County, and the northern boundary of a junior survey in the name of T. A. Acuff. Appellee owned section 16, block RG, and brought this action of trespass to try title against the appellants, one of whom owned the Acuff survey. The main defense interposed was that of the statute of limitation of three years.

The case was submitted to the jury on special issues and the following findings, among others, were made: First, that there was a conflict of forty-seven acres between the two surveys. Second, that appellant Williamson had enclosed by a fence and was in possession of twenty-eight acres of this conflict. Third, that he had had the same enclosed and that he and those under whom he claimed had been in peaceable and adverse possession thereof since 1898. The verdict also covered the issue of improvements in good faith, as to which there is no controversy here. Neither party sought to have any additional issues submitted to the jury, but both parties claimed a judgment on the verdict, the appellants claiming that the finding of adverse possession in their favor entitled them to a judgment, and this claim being denied, have appealed to this court.

The Acuff survey was made in July, 1895, and was patented May 11, 1897, as a homestead donation of one hundred and sixty acres. The field notes called for the south boundary line of block RG, which could only be traced by calls for course and distance from a well known monument several miles west of this survey. These field notes, however, called for objects on the ground which definitely located the northern boundary of the Acuff survey north of the south boundary of block RG. It was nearly a year after the issuance of the patent under which possession was taken of that part of school section 16 in block RG which was included in the Acuff field notes before this school section was sold to appellee, April 30, 1898, who thereafter continued to occupy the same.

*Conclusions.*—The question to be determined is: Did the patent to the Acuff survey constitute title or color of title within the meaning of the three years statute of limitation to that part of school section 16 in controversy?

It was declared in section 2, article 7, of the Constitution, that all the alternate sections of land reserved by the State out of grants made or to be made to railroads should constitute a perpetual public school fund, and it was provided in section 4 of this article that lands so set apart should be sold under such regulations, at such times, and on such terms as might be prescribed by law. These regulations were made, and the land in controversy was sold to appellee in compliance therewith. It therefore distinctly appears that no part of school section 16 was subject to appropriation under the homestead donation statute. The Commissioner of the Land Office, therefore, had no power to issue a patent to the land in controversy as a homestead donation, in consequence of which it must be held that the patent was void insofar as it attempted to convey school land. Texas Land & Mortgage Co. v. State, 1 Texas Civ. App., 616, and cases there cited; League v. Rogan, 59 Texas,

427; Sherwood v. Fleming, 25 Texas Sup., 408; Smith v. Power, 23 Texas, 30. In the case last cited it was held that a grant from the State, in order to constitute title or color of title within the meaning of the statute of limitations, "must be effectual to convey to the grantee whatever right or title the government had in the land at the time of making the grant," to which was added, "it need not necessarily carry with it the paramount title, but it must be title, as against the government, valid in itself when tested by itself, and not tried by the title of others. It must have intrinsic validity, as between the parties to it; though it may be relatively void as respects the rights of third persons. If it be absolutely void, a nullity, it can not be said to be a grant, or the basis of a transfer of the title from the government." This language has been more than once reproduced, substantially, in subsequent cases.

As we understand the decisions on this subject, a junior patent is a sufficient grant of land which is subject to location and grant to support the defense of three years adverse possession, since it is effectual to convey to the grantee whatever right or title the government may have in the land at the time of making the grant, although on account of a previous grant only an inferior title is conveyed. It is only void as to the prior grant. It would be sufficient to connect the patentee with the sovereignty of the soil, and, in the absence of proof of the senior patent, to warrant a recovery in an action of trespass to try title. It can not therefore be said to be no title. On the other hand, where the land is reserved from location and is held by the government for a different purpose, as is the case with alternate sections of public school lands, the unauthorized patent has no effect whatever on the right or title of the government at the time of its issuance, and would not warrant ejectment. It is therefore neither title nor color of title within the meaning of the statute of limitations.

As to other issues presented in the brief, it is sufficient to say that there was no room for controversy as to the true location of the south boundary of block RG. The judgment is therefore affirmed.

*Affirmed.*

Application for writ of error dismissed for want of jurisdiction.