JOHN B. GARRISON v. SAM C. ARNETT ET AL.

Decided January 15, 1910.

**Limitation—Three Years—State School Land.**

An award by the Commissioner of the General Land Office of land as State school land, when the said land has been previously patented, is not title or color of title as defined in the three years statute of limitation, and the awardee cannot prescribe thereunder.

Appeal from the District Court of Terry County. Tried below before Hon. L. S. Kinder.

*Spencer & Spencer* and *Theodore Mack,* for appellant.—When one claiming under a patent seeks the recovery of public free school land in the possession of a defendant to whom an award has been made by the Commissioner of the Land Office subsequent to the issuance of the patent, the act of the commissioner in making the award constitutes color of title under the three years statute of limitation, all other elements of the statute being shown, and the one claiming under a junior grant has such color of title as goes to form the predicate for the three years statute. A valid grant is not a prerequisite to "color of title" under the three years statute of limitation. Marsh v. Wier, 21 Texas, 110; Galan v. Town of Goliad, 32 Texas, 776; Whitehead v. Foley, 28 Texas, 12; Stafford v. King, 30 Texas, 277; Converse v. Langshaw, 81 Texas, 275.

*H. C. Ferguson* and *Geo. G. Beatty,* for appellees.—The uncontroverted testimony showing that the land in controversy was patented to John J. Madden, as assignee, March 9, 1880, and that appellees have a regular chain of title from the heirs of said patentee, and that the Commissioner of the General Land Office erroneously classified and sold said land as school land in 1903, and that appellant's claim to the land is under said purchase, it was not error for the trial court to charge the jury to find for the appellees, because appellant's title was absolutely void, and could not be the basis for acquiring title under the statutes of limitation for three years. Buford v. Bostick, 58 Texas, 69; Clark v. Smith, 59 Texas, 275; Jones v. Andrews, 72 Texas, 14; McCown v. McCafferty, 14 Texas Civ. App., 77 and 78; Hulett v. Platt, 49 Texas Civ. App., 377; Besson v. Richards, 24 Texas Civ. App., 64.

SPEER, ASSOCIATE JUSTICE.—This is an ordinary action of tres-

pass to try title brought by Sam C. Arnett and George L. Beatty against John B. Garrison to recover a section of land in Terry County. In addition to the general issue the defendant pleaded the three years statute of limitation. There was a jury trial, but the court peremptorily instructed a verdict for the plaintiffs, and from a judgment based thereon the defendant has appealed.

We are asked to determine this as an agreed case and the facts are substantially as follows: The suit was filed October 17, 1907; the land in controversy was patented to John J. Madden, assignee, on March 9, 1880. Madden is dead, but the appellees hold the title of all the heirs by proper conveyances. On October 8, 1903, the Commissioner of the General Land Office of Texas classified the land as "dry grazing" and appraised it at two dollars per acre and on October 10 one C. B. Boston made application and affidavit to purchase as an actual settler, and the land was duly awarded to him on October 31, 1903. Boston conveyed the land to one Davis, who in turn conveyed to appellant. All applications, affidavits, obligations and transfers were in every respect regular, and appellant filed the required proof of three years' occupancy on December 24, 1906. The several parties through whom appellant claims were qualified purchasers of public free school land and were actual settlers on the land in controversy and all interest and taxes due the State since the award to Boston have been paid. It is further stipulated in the agreement that the appeal may be decided upon the following issues of law: "The plaintiffs ought to recover the said land unless their said cause of action is barred by defendant's plea that he and those under whom he claims have had and held peaceable, continuous and adverse possession under title and color of title from and under the State of Texas, of the land and tenements claimed in said plaintiffs' petition, for more than three years after plaintiffs' cause of action accrued and before the commencement of this suit."

We construe the agreement to show that plaintiffs have the legal title through proper conveyances from the sovereignty of the soil and that appellant's title, based as it is upon the award to Boston, is invalid because of the prior patent and the consequent want of power in the commissioner to sell the land, and appellant's only contention on this appeal is that such invalid award constitutes title or color of title as a basis for his claim under the three years statute of limitation. It has frequently been held that a preemption claim is neither such title or color of title as will support limitation. Sutton v. Carabajal, 26 Texas, 500; Buford v. Bostick, 58 Texas, 63; Clark v. Smith, 59 Texas, 275; Jones v. Andrews, 72 Texas, 5. Upon the strength of the reasoning in these authorities it has also been held by analogy that an award of State school land, invalid by reason of a want of authority in the commissioner to make the sale, is not title or color of title as defined in the three years statute. McCown v. McCafferty, 14 Texas Civ. App., 77 (36 S. W., 517); Besson v. Richards, 24 Texas Civ. App., 64 (58 S. W., 611).

In the case last cited it is said "the inchoate right of a person whose application for the purchase of school lands has been accepted is not sufficient as title or color of title to support the statute of limi-

tation of three years. Such character of title is not within the terms of the statute and does not show an already existing right to the land. We think this right or title of a school land purchaser prior to the completion of his three years term of occupancy is no higher than the right of a preemptor and it is well settled that a preemption claim is not such title or color of title as will support the statute."

In Pohle v. Robertson, 102 Texas, 274, 54 Texas Civ. App., 326 (116 S. W., 861), this court certified to the Supreme Court the question whether or not the claim of an awardee to school land would constitute title or color of title as against a prior valid sale by the commissioner. That court answered the question in the negative. There is, however, in the opinion in the Pohle-Robertson case the following reservation: "Whether or not a purchase of land claimed and sold by the State as part of its school fund where there has been no other sale, may constitute title or color of title as against an adverse claim under an older grant or patent is a question which this case does not present, and hence, we intimate no opinion upon it." In view of the above decisions, one of which is by this court, and notwithstanding the reservation above quoted we are constrained to hold that the claim of appellant in this case is neither title nor color of title within the meaning of the statute of three years limitation.

If the question were an open one, some of us, at least, would be inclined to take a contrary view and to distinguish between the claims of a preemptor and a purchaser of school land. If the title of appellees at the date of the award to Boston had not been divested out of them, then the Commissioner of the General Land Office, the special agent of the State created by legislative Act, had no authority or jurisdiction to classify the land and sell it to appellant's vendor or anyone else. While the law will presume in favor of the regularity of an official's act, it will not by such presumptions supply the necessary jurisdictional facts. Glasscock v. Barnard, No. 6263 in this court (ante 369); Throop on Public Officers, pars. 559 and 560. If it be true, as held in the Pohle-Robertson case, that the commissioner had no power to sell while a prior sale subsisted and for that reason his second attempted sale was neither title nor color of title, we think it is equally true that where there is a valid subsisting patent to the land the commissioner is without power to sell, and his attempted sale is neither title nor color of title within the meaning of the statute.

In Smith v. Power, 23 Texas, 30, Chief Justice Wheeler uses the following language: "To constitute title or color of title there must be a chain of transfer from or under the sovereignty of the soil. This necessarily presupposes a grant from the government as a basis for such transfer. And the grant must be effectual to convey to the grantee whatever right or title the government had in the land at the time of making the grant. It need not necessarily carry with it the paramount title; but it must be title as against the government, valid in itself when tested by itself and not tried by the title of others. It must have intrinsic validity as between the parties to it, though it may be relatively void as respects the rights of third persons. If

it be absolutely void, a nullity, it can not be said to be a grant or the basis of a transfer of the title from the government." This language has been repeatedly reproduced substantially in subsequent cases. And it would seem to some of us, at least, that the grant in this cause would meet all the requirements of that rule. It will be borne in mind that the sale by the Commissioner of the Land Office under which appellant claims was not specifically forbidden by the Constitution or statute and for that ' reason void; (Williamson v. Brown, 49 Texas Civ. App., 402 (109 S. W., 412) and authorities there cited) and it would seem to some of us, at least, in such a case that the sale would be sufficient to connect the purchase with the sovereignty of the soil, and, in the absence of proof of the prior patent, to warrant a recovery in an action of trespass to try title and that it could not, therefore, be said to be no title. The sale would be analogous to a junior patent valid as against the rights of the State, but void as respects the rights of the senior patentee.

But, as before stated, we feel constrained by the decisions cited to affirm the judgment, and it is accordingly affirmed.

*Affirmed.*

Writ of error refused.