ALLEN et al. v. DRAPER et al.    (No. 6041.)

(Court of Civil Appeals of Texas. San Antonio.
May 29, 1918.   Rehearing Denied
June 19, 1918.)

1. PUBLIC LANDS ⊗═▷175(1) — DISPOSAL OF
STATE LANDS—"APPROPRIATED LANDS."
Where by virtue of a land certificate legally
issued a survey was made and properly and
promptly filed in the county and general land of-
fice, the land surveyed became "appropriated
lands," which could not be covered by another
certificate thereafter in view of Const. art. 14, §
2, providing that all general land certificates
heretofore or hereafter issued shall be located,
surveyed, and patented only upon vacant and un-
appropriated public domain.

2. PUBLIC LANDS ⊗═▷175(1) — CONFLICTING
SURVEYS—RIGHTS OF PARTIES.
Surveys Nos. 207 and 208, location of which
covered a portion of a prior school survey, were
void to the extent of the conflict because forbid-
den by Const. art. 14, § 2 and the award of No.
208 and the patent to 207 passed no right or ti-
tle to the land in the prior survey.

3. ADVERSE POSSESSION ⊗═▷7(3) — RIGHTS
WHICH MAY BE DESTROYED — AWARD OF
SCHOOL LAND.
An award of a school survey, coupled with
proof of occupancy, payment of a part of the
purchase money, interest, and taxes, is such a
right as can be destroyed by adverse possession,
notwithstanding title will remain in the state
until it gives a patent.

4. ADVERSE POSSESSION ⊗═▷73—"COLOR OF TI-
TLE FROM THE SOVEREIGNTY OF THE SOIL."
An award of a school survey located in a
prior survey of which there had also been an
award is not "color of title from the sovereignty
of the soil," required to give a superior right by
three years' adverse possession under statute.
[Ed. Note.—For other definitions, see Words
and Phrases, First and Second Series, Color of
Title.]

5. ADVERSE POSSESSION ⊗═▷73—"COLOR OF TI-
TLE FROM THE SOVEREIGNTY OF THE SOIL."
While a patent could not convey paramount
title to land located within a prior school sur-
vey, it constituted "color of title from the sov-
ereignty of the soil," within the three-year stat-
ute of limitations, sufficient to enable patentees
to secure a right thereto superior to one having
an award of prior school survey.

6. TRESPASS TO TRY TITLE ⊗═▷56—IMPROVE-
MENTS.
If the improvements did not increase the val-
ue of the property, there can be no recovery
therefor.

7. TRESPASS TO TRY TITLE ⊗═▷58 — IMPROVE-
MENTS.
There should be no allowance for the value
of improvements where they are completely off-
set by the rents.

8. JUDGMENT ⊗═▷253(1) — CONFORMITY TO
PLEADING—AMOUNT DEMANDED.
In trespass to try title, defendant, who im-
pleaded his warrantor, could not recover from
him an amount in excess of that pleaded, al-
though a greater price was proven.

Error from District Court, Jim Hogg Coun-
ty; V. W. Taylor, Judge.

Suit by B. R. Allen and others against J.
J. Draper and others. There was a decree
against plaintiff named, and he brings error.
Affirmed in part, and reversed and rendered
in part.

John L. Dannelley, of Laredo, for plaintiff
in error. J. E. Leslie, of McAllen, and Ball
& Seeligson, of San Antonio, for defendants
in error.

SWEARINGEN, J. This is a suit in tres-
pass to try title, as well as for damages, by
A. C. Allen, Guy Allen, L. M. Allen, B. R.
Allen, Rhoda E. Allen, Jessie L. Sprague,
joined by her husband, F. W. Sprague, Susie
G. Wright, joined by her husband, W. B.
Wright, E. Grace Laffoon, joined by her hus-
band, W. I. Laffoon, and Nellie P. Geiser,
joined by her husband, Clarence Geiser,
against Henry Edds, Mrs. J. J. Draper, J. J.
Draper, and his guardian, J. C. Draper. A
jury returned an instructed verdict, upon
which decree was rendered against appellant
and in favor of all the appellees for the land
claimed by them. Brought to this court on
writ of error, but for convenience parties are
styled appellants and appellees.

Originally B. R. Allen filed two separate
suits, one against Henry Edds for 232¼
acres of land, particularly described by metes
and bounds, the other against Mr. and Mrs. J.
J. Draper and J. C. Draper, the guardian of
J. J. Draper, for 126⅚ acres of land, also par-
ticularly described by metes and bounds. In
both original suits the defendants answered
by pleas of not guilty, limitation by one,
three, five, and ten years, estoppel and im-
provements and payment; specially alleged
the portion claimed, and disclaimed as to
balance, and impleaded their warrantors.

The following facts were established: Ap-
pellants own the award of survey No. 162.
Henry Edds owned the award of survey No.
208. Francis Smith was his warrantor. The
Drapers owned the patent to survey No. 207.
By virtue of land certificate No. 89, legally
issued to Howard & Wade, survey No. 162
was surveyed, the survey properly and
promptly filed in the county and in the gener-
al land office in 1877, by reason of which
steps the 640 acres of land contained in sur-
vey No. 162 ceased to be unappropriated pub-
lic domain, but became lands appropriated to
the public school fund. This was in 1877. In
1879 land certificate No. 1/519 was issued to
B. S. & F. and was located on surveys 207
and 208; both were, as required by law, sur-
veyed, and the surveys promptly filed in the
county and in the general land office. Thus
in 1879 survey No. 207 became appropriated
land of which the assignee of the certificate
B. S. & F. No. 1/579 was entitled to own; and
the alternate survey No. 208 became appro-
priated to the public school fund. School sur-
vey No. 162 was awarded to appellant's gran-
tor in 1908. School survey No. 208 was
awarded to Leon Martinez in 1906, which
award Henry Edds owns. Survey 207 was
patented in 1906, and is owned by the Dra-
pers. The court by its decree has determined
that the two parcels of land herein sued for

⊗═▷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

are located in survey No. 162, the 126⅔ acres being also within the boundaries described in survey No. 207, and the 232¼ acres being within the boundaries described in survey No. 208. The evidence is sufficient to support this finding by the court. This proof was offered by appellant to sustain his contention. The question of the exact location of the land and the question of whether or not there is a conflict in the location of the three surveys is therefore eliminated. The only assignment is that the peremptory instruction to find for appellees is error.

The only contentions raised by appellant's propositions requiring consideration are the following: First, that appellant had the superior right to the disputed lands because survey No. 162 was surveyed prior to surveys No. 207 and No. 208, upon which prior survey the Constitution forbade the location of another certificate. Second, that appellees' inferior right did not become the superior right by three years' adverse possession because the award to purchase school survey No. 208 was not color of title from the sovereignty of the soil, and because the patent to No. 207, a later survey, was not the color of title required by the statute of three years limitation.

[1] The first contention herein made, namely, that appellant's prior survey gave him the superior right does not seem to be denied by appellees, and it has been often so decided by our appellate courts. The fact that survey No. 162 was surveyed and the survey filed in the county and in the general land office made the lands surveyed appropriated lands, which could not be covered by another certificate thereafter. Mills v. Needham, 28 Tex. Civ. App. 547, 67 S. W. 1097; Gilbert v. Mansfield, 38 Tex. Civ. App. 300, 85 S. W. 830.

[2] Because the location of the surveys No. 207 and No. 208, made after survey No. 162, covered a portion of survey No. 162, to the extent of the conflict, they were void because forbidden by article 14, § 2, of the Constitution of Texas, and the award of No. 208 and the patent to No. 207 passed no right or title to the land in No. 162. Ellwood v. Stallcup, 57 Tex. Civ. App. 343, 122 S. W. 906.

The second contention made, namely, that appellees did not show a superior right in themselves to the conflicting land by adverse possession for three years under color of title, presents a more serious question.

[3] Appellant has never received a patent to school survey No. 162, but has only an award coupled with proof of occupancy, payment of a part of the purchase money, interest, and taxes. This is such a right as can be destroyed by adverse possession, notwithstanding the fact that the legal title is in and will remain in the state until it executes and delivers the patent therefor. Paterson v. Rector, 127 S. W. 561, affirmed in 104 Tex. 708;[1] Parker v. Brown, 80 Tex. 555, 16 S. W. 262; Dutton v. Thompson, 85 Tex. 115, 19 S.

[1] 127 S. W. 561.

W. 1026; Lawless v. Wright, 39 Tex. Civ. App. 26, 86 S. W. 1039. The opinion by Justice Rice in Hamman v. Presswood, 120 S. W. 1052, is apparently not in harmony with the cases followed and cited by us.

[4] It is admitted by appellees and the evidence shows that there was no adverse possession held by appellees sufficient to sustain the one, five, or ten years limitation. The issue is therefore reduced to the three-year statute of limitation. Appellee Henry Edds did not have a patent to school survey No. 208, but only an award, coupled with proof of occupancy, payment of a part of the purchase price, interest, and taxes. He had precisely the same evidence of right to school survey No. 208 as appellant had to school survey No. 162. It has been held, we believe uniformly and consistently, that an award is not color of title from the sovereignty of the soil, which the statute requires to give a superior right by the three years' adverse possession. Pohle v. Robertson, 102 Tex. 274, 115 S. W. 1166; Johnson v. Knippa, 127 S. W. 905, § 2, and authorities therein cited; Morrow v. Conoway, 157 S. W. 430, § 3; Garrison v. Arnett, 126 S. W. 611; Wolffarth v. De Lay, 142 S. W. 617–622. Appellee did not acquire any right by limitation to that 232¼ acres of land described in survey No. 208, which was located in survey No. 162.

[5] Appellees, the said Drapers, claimed the 126⅔ acres as a part of survey No. 207, but actually located on survey No. 162, under a regular patent from the state. This patent did not convey to him the paramount title to the part of the land in conflict with survey No. 162, because of the priority of the survey of No. 162; but the patent is color of title from the sovereignty of the soil and is sufficient to enable the Drapers, the appellees, by three years' adverse possession of the conflict land, to secure to themselves a right thereto superior to the right of appellant Allen, though of course the Drapers, by this three years' limitation, cannot affect the right of the state to forfeiture for nonpayment. Gullett v. O'Connor, 54 Tex. 416; Grigsby v. May, 84 Tex. 240–249, 19 S. W. 343; Horton v. Halff, 147 S. W. 735; Hulett v. Platt, 49 Tex. Civ. App. 377, 109 S. W. 207; Smith v. Power, 23 Tex. 34; Payne v. Ellwood, 163 S. W. 97; League v. Rogan, 59 Tex. 432; Anderson v. Jackson, 69 Tex. 346, 6 S. W. 575; Galan v. Town of Goliad, 32 Tex. 776; Williamson v. Brown, 49 Tex. Civ. App. 402, 109 S. W. 412; Converse v. Langshaw, 81 Tex. 275, 16 S. W. 1031; Houston Oil Co. v. Wm. M. Rice Ins. Co., 194 S. W. 415.

There are several decisions by Texas Courts of Appeals that might be construed to hold that a patent to land appropriated by a survey made prior to the survey for which the patent issued is void, because forbidden by the Constitution, and being void such patent is not the color of title from the

sovereignty required by the three-year statute of limitation. But these decisions do not seem to have been approved by the Texas Supreme Court, and seem to overlook the purpose of the statutes of repose. 2 C. J. 169, 170, § 41. Some of these cases are: Kieth v. Guedry, 114 S. W. 392, reversed by the Supreme Court, 103 Tex. 160, 122 S. W. 17, 125 S. W. 5; Gilbert v. Harris, 109 S. W. 392; Grayson v. Peyton, 67 S. W. 1074; Sheppard v. Avery, 28 Tex. Civ. App. 479, 69 S. W. 83; Lamberida v. Barnum, 90 S. W 698; Eyl v. State, 37 Tex. Civ. App. 297, 84 S, W. 607 (three-year statute of limitations does not seem to be involved).

The assignment of error is sustained. Appellees Draper should recover on their plea of three years' limitation all of the 126⅔ acres described in appellant's petition against them, and should also recover all costs incurred by them in this behalf. Appellant Allen should recover from Henry Edds all of the 232¼ acres alleged by appellant to be claimed by Edds and described in said petition, together with all costs of this suit except the costs incurred by appellees the Drapers, which are adjudged against appellant.

[6, 7] Upon the issue of improvements and rents pleaded by Edds and appellant, it is suggested by appellant that they be offset. An examination of the statement of facts fails to reveal that the 232¼ acres was increased in value by reason of the two lines of fence built by Edds, though it seems it would cost from $130 to $150 a mile to build new fences like them. If the improvement did not increase the value of the property, there can be no recovery for improvements. Herndon v. Reed, 82 Tex. 652, 18 S. W. 665. However, if the improvements were made in good faith, as the evidence shows and as is admitted by the agreement that there is no issue of fact, and did improve the value of the land as much as the new fence would cost, the amount would be less than $140— 1,752 varas at 8 cents per vara. The value of the rents was admitted by Henry Edds in his testimony to be a little more than $162— 232¼ acres at 10 cents per acre per annum for 1911, 1912, 1913, 1914, and 15 cents for 1915 and 1916. Therefore the value of the improvements is completely offset by the rents. We therefore adjudge that appellee Henry Edds take nothing by his plea for the value of the improvements. Appellant has waived all claim for any excess rents; therefore it is adjudged that appellant take nothing by his suit for rents. The judgment of the trial court is affirmed as to the appellees the Drapers, and is reversed and here rendered as to Henry Edds.

[3] Henry Edds impleaded his warrantor, Francis Smith, and alleged a payment of $2,500 cash on December 29, 1910, for 640

acres of land in survey No. 208, alleging that the deed contained a covenant of express warranty. Francis Smith admits the sale and warranty in his answer. The evidence contained in the synopsis of the deed introduced at the trial shows that Edds paid $5 an acre for the land bought from Francis Smith, and bought 640 acres. Edds cannot recover an amount in excess of that pleaded, even though a greater price was proven. 640 acres at $2,500 is $3.90 for each acre. $3.90 per acre for · 232¼ acres is $905.75. We therefore adjudge that Henry Edds do recover from Francis Smith, the warrantor, the sum of $905.75, together with interest at the rate of 6 per cent. per annum from December 29, 1910, until November 21, 1916, date on which the decree was rendered herein, and shall recover interest at 6 per cent. per annum from November 21, 1916, on said amount of principal and interest due on said date. As to all other appellees not hereinabove disposed of the judgment of the trial court is affirmed.

Affirmed in part; reversed and rendered in part.