**WHITAKER v. McCARTY. (No. 139–3054.)**

(Commission of Appeals of Texas, Section A. May 26, 1920.)

1. Limitation of actions ⬤═⇒19(1) — Statute limiting actions regarding school lands inapplicable to person, claiming by adverse possession.

Rev. St. 1911, arts. 5458, 5459, prescribing a limitation of one year for suits by persons claiming the right to purchase state lands theretofore sold, has no application to one asserting title under the statute of limitations of 10 years as against a purchaser from the state, but applies only to persons claiming the right to purchase or lease land already sold or leased to others.

2. Public lands ⬤═⇒173(16)—Award of land to purchaser or lessee conclusive of regularity after short period of limitation.

An award of state lands to a purchaser or lessee is conclusive, except as against the state, that all requirements of the law had been complied with after the short period of limitation prescribed by Rev. St. 1911, arts. 5458, 5459.

3. Adverse possession ⬤═⇒7(3)—Title of purchaser from state may be acquired, though tract not a multiple of 40 acres.

The rule that a purchaser from the state, before the issuance of a patent, has a title to land, subject to divestiture through adverse possession, though the state cannot be thus barred, applies, though the tract claimed by adverse possession is not a multiple of 40 acres, and assuming that, because of this fact, the adverse claimant cannot compel the land commissioner to substitute him for the purchaser, or demand a patent on payment of the purchase price, as such title as the purchaser has may nevertheless be acquired.

4. Adverse possession ⬤═⇒7(3)—Title to state land by adverse possession, subordinate to state's rights and subject to forfeiture.

The title acquired by an adverse possessor of lands sold by the state, prior to patent, is only such as the purchaser had, and is subordinate to that of the state, and subject to forfeiture until compliance with the conditions of purchase, and upon a declaration of forfeiture all right and title revests in the state.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Action by W. G. McCarty against B. F. Whitaker, in which Jennie McCarty, widow, was substituted as plaintiff. A judgment for plaintiff was affirmed by the Court of Civil Appeals (188 S. W. 502), and defendant brings error. Reversed and remanded.

See, also, 221 S. W. 572.

W. D. Wilson, of Spur, and W. H. Bledsoe, of Lubbock, for plaintiff in error.

B. G. Warswick, of Dickens, for defendant in error.

SONFIELD, P. J. Action in trespass to try title by W. G. McCarty, plaintiff, against B. F. Whitaker, defendant. Pending the suit, plaintiff died intestate, and Jennie McCarty, his widow, having qualified as survivor of the community estate, made herself party plaintiff, and prosecuted the action to judgment.

Plaintiff sought recovery of title to and possession of 320 acres of land, being the west one-half of survey No. 4, A. C. H. & B., in Dickens county, alleging that same was school land; that it was sold and awarded by the state of Texas to the original purchaser on November 2, 1897, and proof of three years' occupancy was made and filed in the general land office on October 22, 1901; that one-fortieth of the purchase money and all interest had been paid, and thirty-nine-fortieths of the purchase money was still owing to the state of Texas. Plaintiff also alleged that she was the owner of the land, and that the same was in good standing in the general land office at the time of the act of the Twenty-Ninth Legislature (Acts of 1905, p. 35; articles 5458, 5459, R. S. 1911), prescribing a limitation of one year for bringing suits by all persons claiming the right to purchase any lands belonging to the state that had theretofore been sold under the provision of law authorizing the sale thereof, and that no suit had been brought by the defendant, or any one else, for title and possession of the land within one year from the taking effect of the said act, and that every one except the state was barred by the act from claiming or asserting any claim or title to the land.

Defendant disclaimed as to all the land involved, other than 42 acres, more or less, described in the answer. As to this tract he pleaded a general denial, not guilty, and title under the 10-year statute of limitations. Defendant's exception to plaintiff's plea of limitation of one year under the act of 1905 was overruled, and plaintiff's exception to defendant's plea of the 10-year statute of limitations was sustained.

The jury, under instruction of the court, returned a verdict for plaintiff, whereon judgment was rendered. On appeal, the judgment of the district court was affirmed. 188 S. W. 502.

[1] The Court of Civil Appeals held the act of the Twenty-Ninth Legislature (Acts 1905, p. 35; articles 5458 and 5459, R. S. 1911) without application to one asserting title

under the 10-year statute of limitations as against a purchaser from the state. In this conclusion we concur. The act was intended to apply, and in terms clearly does apply, only to cases in which persons claim the right to purchase or lease land which has already been sold or leased to others. It is a statute of repose, intended to protect from the attacks of all, except the state, sales and leases which have stood and which have been recognized as long as one year.

[2] The award after such period is conclusive evidence, except as against the state, that all requirements of the law have been complied with. Wyerts v. Terrell, 100 Tex. 409, 100 S. W. 113; Murphy v. Terrell, 100 Tex. 397, 100 S. W. 130; Erp v. Tillman, 103 Tex. 574, 131 S. W. 1057. Defendant was not asserting the right to purchase, nor attacking the validity of the sale and award to plaintiff or her predecessors in interest, but was asserting an independent title, through adverse possession, as against the title acquired by plaintiff through purchase from the state. The statute was, therefore, inapplicable. The only matter for our determination is the action of the trial court in sustaining plaintiff's special exception to defendant's plea of the 10-year statute of limitations.

[3] It has been definitely established by our Supreme Court that a purchaser from the state, before the issuance of a patent, has title sufficient, through the sale and award, to maintain an action in trespass to try title, and that his title is subject to divestiture through adverse possession, notwithstanding the state cannot be thus barred. Dutton v. Thompson, 85 Tex. 115, 19 S. W. 1026; Thompson v. Dutton, 96 Tex. 205, 71 S. W. 544; Parker v. Brown, 80 Tex. 557, 16 S. W. 262; Paterson v. Rector, 127 S. W. 561. This doctrine is recognized by the Court of Civil Appeals, but that court was of opinion that it is without application when the land claimed by adverse possession, as in this case, is not a multiple of 40 acres; that while, in Dutton v. Thompson and Thompson v. Dutton, supra, the rule was announced and applied, though the land claimed through adverse possession was less than 40 acres, and not a multiple thereof, this question was not raised or discussed.

It is doubtless true, as stated by the Court of Civil Appeals, that the right exists in the state to prescribe and regulate the amount, character, and method of the alienation of its public school lands by its grantees to others, prior to divestiture of its title through patent. From this, however, it does not follow that the acquisition of title through limitation, as against the purchaser, is in any manner affected by such regulatory statutes. These statutes do not purport to deal with this subject, and if correctly construed by the Court of Civil Appeals—which we need not determine—do not permit the inference of a legislative intent, by analogy or otherwise, to inhibit acquisition of the title of the purchaser to the land, or part thereof, through adverse possession.

[4] If it be true, as suggested by the Court of Civil Appeals, that the holder of a judgment against a purchaser for a tract of land not a multiple of 40 acres cannot, in view of the statutes, compel the land commissioner to substitute him for the purchaser as to the tract, or pay the purchase price to the state and demand a patent, this would not militate against the view that such title as the purchaser might have to the tract can be acquired by adverse possession. The only effect would be to render the title so acquired by the adverse possessor more precarious; its completion being contingent upon compliance with the conditions of the sale by the purchaser or his grantees. The title acquired by the adverse possessor is only such as the purchaser had, and, like the purchaser's title, is subordinate to that of the state. Until compliance with the conditions of the purchase, the sale by the state is subject to forfeiture. Upon a declaration of a forfeiture, all the right and title of the purchaser, and those holding under or through him, revest in the state. The land becomes a part of the public school lands, and subject to sale as such. The declaration of forfeiture effectually interrupts the statute, and the theretofore adverse possession and any rights which have accrued thereby become of no effect. If, as held by the Court of Civil Appeals, substitution to the rights of the purchaser is not permitted to the adverse claimant, whose possession has ripened into title, which has been established by judgment, then the title of the adverse possessor, though complete as against the purchaser, is subject to divestiture through the failure of the purchaser or his grantees to comply with the conditions of the sale.

We conclude that the trial court erred in sustaining plaintiff's special exception to defendant's plea of the 10-year statute of limitations, and are of opinion that the judgment of the Court of Civil Appeals should be reversed, and the cause remanded for a new trial.

PHILLIPS, C. J. We approve the judgment recommended in this case, and the holding of the Commission on the question discussed.