

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Bascom Giles
Commissioner of the General Land Office
Austin, Texas

Dear Sir:              Opinion No. O-7135
                       Re: Should the Land Commissioner
                           recognize an application for
                           reinstatement under Article
                           5326 filed by a grantee under
                           a Sheriff's tax deed?

        The question you have submitted to us for our
determination is as follows:

        Should the Land Commissioner recognize
an application for reinstatement under Article
5326, R. C. S., 1925, where the applicant is a
grantee under a sheriff's tax deed which was exe-
cuted after the land in question had been for-
feited by the Land Commissioner?

        The facts which prompt this question are briefly
stated as follows: Ira J. Bell sometime prior to 1921 was
awarded 5,302 acres of public school land in Culberson County,
Texas, at a school land sale on a deferred payment plan. Delin-
quent state and county ad valorem taxes accrued against this
land over a period of years from 1921 to 1933, and on April 8,
1936, the State's tax lien was foreclosed by a tax judgment ad-
judged against the heirs of Ira J. Bell, deceased, and his
widow, Mrs. Effie Bell. In compliance with an order of sale,
the sheriff of Culberson County sold "all of the estate, right,
title and interest" of the heirs in said land to the State of
Texas on June 2, 1936, and the sheriff executed a deed to the
State on June 10, 1936. On March 19, 1939, the Land Commissioner
forfeited the land for non-payment of interest under the pro-
visions of Article 5326, R. C. S., 1925. Subsequently, the
sheriff of Culberson County, after the forfeiture, advertised
and sold the land to a third party whose name has not been given.

        The pertinent portion of Article 5326, Revised

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Bascom Giles - Page 2

Civil Statutes of Texas, 1925, as of the date when the facts arose, reads as follows:

"If any portion of the interest on any sale should not be paid when due, the land shall be subject to forfeiture by the Commissioner entering on the wrapper containing the papers 'Land Forfeited', or words of similar import, with the date of such action and sign it officially, and thereupon the land and all payments shall be forfeited to the State, and the lands shall be offered for sale on a subsequent sale date. In any case where lands have been forfeited to the State for non-payment of interest, the <u>purchasers, or their vendees</u>, may have their claims reinstated on their written request, by paying into the Treasury the full amount of interest due on such claim up to the date of reinstatement, provided that no rights of third persons may have intervened. . . ."

We shall first consider the effect of the sheriff's tax deed executed on June 10, 1936 to the State of Texas. Actually, the sheriff could convey no more interest than the heirs had on that date. The heirs did not possess the legal title. The legal title remained in the State so long as the purchase price remained unpaid. 2 Tex. Jur. 32; Thompson v. Cutton, 96 Tex. 205, 71 S.W. 544; Gulf, West Texas & Pacific R. C. v. Cornell, 84 Tex. 541, 19 S.W. 703; Parker v. Brown, 80 Tex. 555, 16 S.W. 262; Austin v. Dungan, 46 Tex. 236; Kimbro v. Hamilton, 28 Tex. 560; Lambert v. Weir, 27 Tex. 362; Smith's Administrators v. Garza, 15 Tex. 150; Wingfield v. Smith, (Civ. App.) 241 S. W. 531; Spearman v. Mims, (Civ. App.) 207 S. W. 572; Paterson v. Rector, (Civ. App.) 127 S.W. 561; Lawless v. Wright, 86 S.W. 1039; Campbell v. McFadden, 31 S.W. 436.

The Supreme Court of Texas in State v. Elza, 206 S. W. 342, held in a case involving school land that "the title remains in the State, and the purchaser has only the right to acquire it by continued compliance with the conditions prescribed by the statute."

From the foregoing authorities we conclude that the sheriff's deed dated June 10, 1936, did not disturb the legal title to the land. It merely divested the heirs of Ira J. Bell of whatever equities or rights they had.

Hon. Bascom Giles - Page 3

Section 10, Article 5421c-3, Vernon's Annotated Civil Statutes of Texas, vests exclusive authority in the Land Commissioner to issue awards on school land after the School Land Board has accepted the best bids submitted; therefore, the sheriff of Culberson County has no power or authority whatsoever to divest the State's title to public school land. The land was forfeited on March 19, 1939, under the provisions of Article 5326, supra, and on that date full and complete title became vested in the State of Texas.

We hold that the second sheriff's deed executed to a third person sometime after March 19, 1939, is wholly void and of no force or effect. The grantee (third person whose name has not been furnished) under this latter deed acquired no interest whatever in the land. For the foregoing reasons alone we conclude that the Land Commissioner is without authority to accept an application for reinstatement under the circumstances.

A second reason why the Land Commissioner should not recognize the application for reinstatement is: the grantee under the sheriff's tax deed does not come within the class of "purchasers or their vendees" as contemplated by the provisions of Article 5326, supra. The original purchaser was Ira J. Bell. Under the particular facts, the grantee could not be a vendee of the purchaser. Thus, it is the opinion of this department that your question should be answered in the negative.

APPROVED MAY 17 1946

ATTORNEY GENERAL OF TEXAS

Yours very truly

ATTORNEY GENERAL OF TEXAS

By      Joe Fultz
         Assistant

JF:BT



APPROVED
OPINION
COMMITTEE

BY_____
CHAIRMAN