**A. G. ATTEBURY, Appellant,**

v.

**C. W. D. TANNER, Appellee.**

No. 4229.

Court of Civil Appeals of Texas.

Waco.

April 30, 1964.

pellant, is whether appellee's admitted adverse possession under Art. 5510, Vernon's Ann.Tex.St., before issuance of a patent, is effective against the patentees and claimants under them.

The following facts are stipulated, or constitute unchallenged findings: The patent to the land in question was issued in 1958 to Mr. and Mrs. Koerner, assignees. It recited the land was bought and fully paid for on the application of W. T. Pottinger filed in the General Land Office in 1897, under the laws regulating the sale of Public Free School land. Pottinger executed conveyances of the land in 1904 to grantees, Whitsett, who conveyed in 1907 to Nunn. Koerners acquired record title in 1907 by deed from Nunn. Appellant obtained judgment against Koerners for title to the tract in controversy in 1960. Appellant here appeals from judgment against him by plaintiff-appellee. It is undisputed that appellee's adverse possession for more than 50 years before the patent was issued to Koerners in 1958 established his limitation title, unless, as appellant contends, limitation could not begin to run until the patent was issued. The effect of appellant's position is that until the patent was issued there was no one against whom appellee's possession could be adverse, because there is no showing the State parted with title prior to issuance of the patent.

■ A purchaser from the State, before the issuance of a patent, has such title as is subject to divestiture through adverse possession, notwithstanding the State cannot be thus barred. Dutton v. Thompson, 85 Tex. 115, 19 S.W. 1026, 1027; Whitaker v. McCarty, Tex.Com.App., 221 S.W. 945, 946.

■ The recitals in the patent that the land was bought and fully paid for on the application of Pottinger in 1897 under the laws regulating sale of public free school land are prima facie true as to the patentees and those claiming under them. Kimbro v. Hamilton, 28 Tex. 560, 568.

Kolander, Moser & Templeton, Amarillo, for appellant.

Cleo G. Clayton, Jr., Amarillo, for appellee.

WILSON, Justice.

The sole question in this non-jury trespass to try title case, as presented by ap-

Acts 1895, ch. 47, p. 63, constituted the law regulating the sale of public free school land and the application to purchase when Pottinger's application was filed in 1897. Since the patent recites purchase and full payment on that application, its issuance thereunder affords prima facie proof of performance of prerequisites to that issuance, including compliance with the statute in essential respects. Miller v. Moss, 65 Tex. 179; Shepard v. Avery, 89 Tex. 301, 34 S.W. 440, 441. The patent recites the Koerners are assignees. Art. 5329, V.A.T.S. provides for the filing of a complete and valid chain of title through recorded personal transfers to entitle one to become a substitute purchaser direct from the State. Where ownership is so evidenced, the patent may be issued to such owner and his assigns. As early as 1919 the statute (now Art. 5312, V.A.T.S.) provided that the sale under application should be effective from the date of receipt and filing of the application, together with the accompanying affidavit, the required obligation and one-fortieth of the purchase price.

The relation of the State and a purchaser whose purchase is in good standing upon his application, as Pottinger is prima facie shown to have been, is not essentially different from that of vendor and vendee. State v. Dayton Lumber Co., 106 Tex. 41, 155 S.W. 1178, 1180. Since it is established prima facie that Pottinger complied with the requirements of law, else a patent could not have properly issued upon his application, he and his assignees were shown to have an enforceable right that the land be awarded or granted to them when finally severed from the public domain. Marshall v. Robison, 109 Tex. 15, 191 S.W. 1136, 1137. (No such right was shown in the cases cited by appellant). The record thus shows that the State had sufficiently parted with title as that the rights of the purchaser, Pottinger, and his successors in interest were subject to divestiture by adverse possession. The patent and the rights granted therein inured to the benefit of the legal owner upon its issuance after the limitation title had ripened. Art. 5329, Sec. 4, V.A.T.S. The judgment is affirmed.